**In re DORTCH:   Bennett, Appellant, v. Dortch, Appellee, et al.**

[Cite as *In re Dortch* (1999), 135 Ohio App.3d 430.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19458.

Decided Nov. 24, 1999.

*Allen G. Carter, Sr.,* for appellant.

*D. Robert Dietz,* for appellee.

*Per Curiam.*

■ Plaintiff-appellant Richard Bennett appeals from an order in the Summit County Court of Common Pleas that purported to decide support arrearages. However, because this court is required to raise jurisdictional issues involving final appealable orders *sua sponte,* we must do so and dismiss the instant appeal. See *In re Murray* (1990), 52 Ohio St.3d 155, 159–160, 556 N.E.2d 1169, 1174, fn. 2; *Whitaker–Merrell Co. v. Carl M. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 400, 280 N.E.2d 922, 924.

Given the necessary disposition of the instant appeal, we need not present the underlying facts in much detail. On November 12, 1992, the Summit County Children Services Board filed a complaint alleging that then eleven-year-old J was a neglected and abused child. Litigation followed in which J's grandmother was granted custody of the child. Bennett, J's father, contested the custody award, and a long and convoluted series of legal proceedings ensued that resulted in Bennett obtaining custody of J. During this period of litigation, the parties contested at various times who owed support to whom, how much had been paid, and how much was still owed. Finally, on September 16, 1998, the trial court journalized an entry that purported to adopt an attached magistrate's decision and to resolve the outstanding issue of support arrearages. The trial court's entry also provided that Bennett could file objections to the magistrate's decision within fourteen days. Accordingly, Bennett filed objections to the magistrate's decision on September 23, 1998, and subsequently amended his objections on October 13, 1998. The trial court issued a December 22, 1998 entry in which the court overruled the objections, described the magistrate's orders, and stated: "The Magistrate's decision is approved and becomes an order of this Court."

Bennett timely appealed, asserting five assignments of error. However, this court *sua sponte* raised the issue of jurisdiction at oral argument and permitted briefs to be filed on the issue. Bennett availed himself of the opportunity, while appellee Karen Dortch did not. In his supplemental brief, Bennett has conceded that the December 22, 1998 trial court entry from which he appeals is not a final appealable order pursuant to R.C. 2505.02 and this court's prior holding in *Daly v. Martin* (May 14, 1997), Medina App. No. 2599–M, unreported, 1997 WL 270528. However, Bennet also urges this court to reject *stare decisis* and hold that the flawed trial court order is not void, but merely voidable.

■ This court declines the invitation to characterize *Daly* in such a manner. The issue is whether an order is final and appealable and not whether the order is void. In *Daly,* this court held that "the [trial] court must, at the very least, articulate the outcome and remedy" in an order adopting a magistrate's decision. This requirement is neither exacting nor of such an equivocal nature that the trial

courts are hard-pressed to comply. To constitute a final appealable order, the trial court entry reflecting action on the magistrate's decision must be a separate and distinct instrument from the magistrate's decision and must·grant relief on the issues originally submitted to the trial court. See *In re Zakov* (1995), 107 Ohio App.3d 716, 717, 669 N.E.2d 344, 344–345; *Reiter v. Reiter* (May 11, 1999), Hancock App. No. 5–98–32, unreported, 1999 WL 378354; *Daly, supra.* In granting such relief, the trial court simply " 'must sufficiently address those issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry.' " *Zakov, supra*, 107 Ohio App.3d at 717, 669 N.E.2d at 345, quoting *In re Michael* (1991), 71 Ohio App.3d 727, 729, 595 N.E.2d 397, 398.

■ Accordingly, although the December 22, 1998 entry *describes* the magistrate's orders, the entry fails to set forth the orders of the court. Because the entry is not final and appealable, this court does not have jurisdiction to hear the appeal. The appeal is hereby dismissed.

*Appeal dismissed.*

WHITMORE and BATCHELDER, JJ., concur.

CARR, P.J., dissents.

CARR, Presiding Judge, dissenting.

I respectfully dissent.

While I agree with the majority opinion that the adoption of the magistrate's decision in the instant case ran afoul of the dictates of Civ.R. 53(E) and 54(A), I cannot agree with the majority's conclusion that the trial court's order is not final and appealable.

Although other appellate districts have adopted the same view as the majority,[1] a conflict between districts exists. While the majority has characterized the issue as not whether a flawed entry is void, but whether it is final and appealable, this distinction is unclear in these circumstances. The apparent reason that the majority feels that the entry is not final and appealable is because no valid final judgment has been entered in the case; in other words, the trial court has failed to enter a final order that actually "provides the prescription for action and

---

1. See, *e.g., Tishman Midwest Mgt. Corp. of Ohio v. Hunt* (Mar. 30, 1987), Montgomery App. No. 9938, unreported, 1987 WL 9117 (Second District); *Reiter v. Reiter* (May 11, 1999), Hancock App. No. 5–98–32, unreported, 1999 WL 378354 (Third District); *Martin v. Martin* (June 24, 1994), Portage App. No. 93–P–0065, unreported, 1994 WL 315667 (Eleventh District).

reflects judicial conduct" and includes "everything necessary to a complete understanding of its effect." *Hauck Bros., Inc. v. Manuel* (June 27, 1991), Clark App. No. 2768, unreported, 1991 WL 116658. Because the judgment that the trial court entered does not satisfy the Civ.R. 54(A) requirements of a final judgment, logic would dictate that it cannot be of any force and effect. Accordingly, under this line of reasoning, the entry must be viewed as a nullity.

However, not all courts have regarded such an order as void and, therefore, not final and appealable. The Supreme Court of Ohio has explained that failure to adhere to the dictates of Civ.R. 53 "renders the resulting judgment voidable, * * * not void" (emphasis deleted), and that an "appellant's failure to pursue his appropriate remedies in a timely fashion acts as an estoppel to a remedy" that would allow the appellant to void the judgment on that basis. *State ex rel. Lesher v. Kainrad* (1981), 65 Ohio St.2d 68, 71, 19 O.O.3d 261, 263, 417 N.E.2d 1382, 1384 (holding that "[i]n order to avoid finding many alleged divorces complete nullities, * * * the failure * * * to comply with [Civ.R. 53(E) ] renders the resulting judgment *voidable,* and not void"). Various appellate districts have implicitly extended the *Lesher* rationale to the Civ.R. 53(E) and 54(A) issue.[2] In *Lucas Metro. Hous. Auth. v. Kincade* (Mar. 17, 1995), Lucas App. No. L–94–211, unreported, 1995 WL 112963, the Sixth District addressed the issue of whether a trial court entry that read " 'The court hereby adopts the Referee's Findings of Fact and Conclusion of Law, and the Referee's Recommendation is hereby made the order in this case' " and that was entered on the same page where the referee's report ended complied with Civ.R. 54(A).[3] The Sixth District held:

"Civ.R. 54(A) provides that a judgment may not contain, among other things, a report of [the] referee. While we are of the opinion that the better practice is to enter judgment on a document separate from a referee's report and recommendation, the judgment in the instant case is set forth in such a manner that the referee's report is not part of the judgment. That is, the judgment was entered separately after the signature of the referee and was entered on a different date.

"For these reasons, the trial court did not err in overruling appellant's motion to declare the court's judgment void."

Similarly, while the Fourth District has elected to sustain those assignments of error that are based upon the adoption of an entry that runs afoul of Civ.R. 53(E) and 54(A), see *Christy v. Christy* (June 12, 1997), Highland App. No. 96CA902, unreported, 1997 WL 337638, that appellate district has generally declined to

---

**2.** This court in particular has *explicitly* applied *Lesher* to the Civ.R. 53 and 54(A) issue. See *Walker v. Walker* (Aug. 5, 1987), Summit App. No. 12978, unreported, 1987 WL 15591.

**3.** The term "magistrate" has since replaced the designation "referee."

predicate the disposition of an appeal on such a voidable order when neither party has raised the issue. See *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Adams* (July 23, 1999), Scioto App. No. 98CA2617, unreported, 1999 WL 597257; *In re Ohm* (May 29, 1998), Ross App. No. 97CA2290, unreported, 1998 WL 321287, fn. 1. But, see, *Fields v. Fields* (Aug. 28, 1998), Lawrence App. No. 97 CA 50, unreported, 1998 WL 543747 (placing this policy into question by reversing a judgment after raising the jurisdictional issue *sua sponte*, despite continuing to describe the flawed trial entry as voidable). Further, the Fourth District has explained that *res judicata* dictates that the failure to raise a flawed adoption as error in a timely appeal will preclude an appellate court from subsequently holding a flawed order invalid. *Karnes v. Karnes* (Aug. 8, 1996), Athens App. No. 95CA1666, unreported, 1996 WL 453900.

In fact, such reasoning has been employed by this very court, creating a scenario in which we have contradicted ourselves. In holding that the type of entries with which we are concerned are not final and appealable, *Daly v. Martin* (May 14, 1997), Medina App. No. 2599–M, unreported, 1997 WL 270528, relied in part on this court's previous decision in *Walker v. Walker* (Aug. 5, 1987), Summit App. No. 12978, unreported, 1987 WL 15591. In *Walker*, this court addressed whether a flawed trial court entry adopting a referee's decision could be attacked during the appeal of a later entry in the same case,[4] stating:

"[W]e must next consider whether [the flawed entry] is void or voidable. * * *

" * * *

"[U]nless a judgment is appealed, it remains valid and the prevailing party may fully rely upon it. If the judgment was voidable and not appealed, * * * it is not a nullity, it cannot be disregarded, it cannot be attacked collaterally, and it remains in full force and effect." *Id.*, citing *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 151, 10 O.O.3d 158, 162, 381 N.E.2d 1136, 1141, and *Lesher, supra*.

---

4. In summary, the chain of events were as follows: On October 7, 1986, the trial court entered a judgment entry that merely adopted the report of the referee and failed to include a specific monetary award to the plaintiff. Thereafter, on January 13, 1987, the trial court denied defendant's motion for relief from execution, finding that the October 7, 1986 entry, read in conjunction with other prior orders, granted plaintiff a valid judgment for a specified sum. The trial court did not enter judgment for the award of money in its January 13, 1987 order, but instead recognized that such an award had already been ordered. On appeal, this court held:

"[The January 13, 1987] judgment was regular upon its face and cannot be used to collaterally attack the October 7, 1986 judgment. The parties here understood what the trial court did. The defendant complained, however, that the trial court did not properly fulfill its judicial responsibilities as required by Civ.R. 53 when it failed to specify the amounts for which the judgment was being given. Since the October 7, 1986 judgment was not challenged in a timely appeal, the judgment, although it *could have* been challenged as voidable, *is valid and remains in full force*." (Emphasis added.) *Walker, supra*.

Therefore, this court concluded, the proper course of action to attack the validity of the flawed adoption by the trial court was through appeal. In *Daly*, relying upon, instead of overruling, *Walker*, this court then held that such a flawed adoption could *not* be appealed. As a result, this court's explication on the entry of flawed orders that imperfectly adopt magistrate decisions informs parties that, although the proper course of action to attack such an entry is to appeal, if the party does so, we will then dismiss the appeal for lack of a final appealable order.

To hold an entry that imperfectly adopts a magistrate's decision void is to indulge in a legal fiction that posits that, without literal compliance with Civ.R. 53(E) and 54(A), a court did not intend to render a final decision in a case and that the parties involved cannot adequately understand what the court thought it was ordering. Such a holding ignores that a party does not appeal because he or she cannot tell from a final court entry what his or her rights and obligations have been determined to be; rather, an appeal arises because an appellant knows what the court has ordered, even if the form of that order is imperfect, and that party disagrees.

There could hardly be a case in which the application of *Daly* would result in a more unfortunate outcome. The record is replete with incidents of abuse that J has allegedly endured, from being hit by her mother to withstanding an attempt to make her drink a mixture of juice and pills. It is troubling that J, who has been involved in litigation of one form or another for over seven years, now must be subjected to yet additional legal proceedings as a result of the holding herein. Despite the issue of who could and should care for J first having arisen in the early part of this decade, despite the passage of years in which J has been transferred from her mother to her maternal grandmother to her father, and sometimes to the Summit County Children Services Board, while the issue of who owed whom money to care for J shuffled through litigation, and despite the issuance of numerous orders on the various issues that have affected this child's well-being for nearly half of her entire life, the legal proceedings surrounding J remain unresolved—and the case will now be returned to the trial court so that a new order can be issued regarding support arrearages and the appellate process can begin yet anew.

Such an outcome is neither just nor necessary when the flawed order could just as sensibly be regarded as voidable and, therefore, subject to potential attack on appeal. To hold otherwise elevates form over substance in the face of compelling reasons for adopting a better view. Holding the type of order described herein to be void rather than voidable erects a needless procedural barrier to appellate review that merely compromises any notion of judicial economy and frustrates not only the parties to a case, but justice as well. Accordingly, I would interpret

Civ.R. 53(E) and 54(A) in light of the mandate of Civ.R. 1(B), which provides that the Civil Rules "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

I would, therefore, hold the order herein to be final and appealable and reach the merits of the case, so that the issues can be resolved and the parties involved could finally begin to proceed with their post-litigation lives.