JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Appellant Douglas J. Zinni, executor of the estate of Jerry A. Zinni ("decedent"), appeals the decision of the lower court. Having reviewed the pertinent law, we hereby dismiss this case for lack of a final appealable order.
 I {¶ 2} This case involves a dispute between the heirs of decedent's estate. According to the case and facts, decedent died testate on February 14, 2003. Decedent had four adult sons. His last will and testament was admitted to the Cuyahoga County Probate Court on April 28, 2003. Pursuant to the decedent's will, his son, Douglas Zinni, was appointed executor of the estate. The executor retained the services of Attorney James D. Richlak to assist in the administration of the estate.
 {¶ 3} An inventory and appraisal was filed on June 6, 2003 and was approved on June 25, 2003. Subsequently, an application to extend administration was filed on November 21, 2003. As a basis for the application to extend administration, the executor stated that he had engaged special counsel to determine if there were any additional assets of the estate other than those listed in the original inventory and appraisal filed. An extension until March 31, 2004 was requested to accomplish this task.
 {¶ 4} Thereafter, a first partial account and a second application to extend administration were filed on May 18, 2004. Again, the executor required additional *Page 3 
time to complete the administration of the estate in order to continue the investigation. On April 20, 2005, a second partial account and a third application to extend administration were filed by the executor. On or about October 30, 2006, a third partial account and a fourth application to extend administration were filed with the lower court. There is a dispute between the parties regarding the consent of the beneficiaries and the costs of the investigation.
 {¶ 5} On or about April 13, 2006, an application for attorney fees was filed by the executor requesting approval of payment of attorney fees to Attorney Richlak in the amount of $3,000. This fee application was heard and granted on May 24, 2006. On June 1, 2006, an application for attorney fees was filed by Attorney Oviatt requesting the approval of payment of attorney fees in the amount of $17,071.34 and expenses in the amount of $1,883.84. There are additional fees in dispute as well.
 {¶ 6} On June 30, 2006, a motion for partial distribution and an application for attorney fees were filed on behalf of Gerald Zinni, one of the beneficiaries of the estate. This application for attorney fees was based on fees incurred by Gerald Zinni in responding to request for documentation and information regarding his father's assets and for additional fees associated with the lawsuit.
 {¶ 7} A Cuyahoga County Probate Court magistrate held a hearing on the applications for attorney fees and the motion for partial distribution on August 24, 2006. After hearing the testimony of attorneys Richlak, Oviatt, and Margaret *Page 4 
Metzinger, the magistrate issued his decision on September 15, 2006. The magistrate determined that Oviatt's application for fees should be denied, stating: "The fees were unauthorized and the fees provided no benefit to the estate. The investigation by Douglas Zinni was unauthorized under the law. The estate should be reimbursed by Douglas Zinni personally, for any expenditures related to this investigation."[1]
 {¶ 8} The magistrate further denied the application for fees filed by Gerald Zinni, except for $500 incurred in preparing and filing the motion for partial distribution. The magistrate granted the motion for partial distribution and awarded fees for the preparation and filing of the motion, determining that those fees were appropriately paid by the estate because the motion provided a benefit to the estate as a whole.
 {¶ 9} The executor filed objections to the magistrate's decision on September 28, 2006. On October 16, 2006, Gerald Zinni filed a response to the executor's objections. After two continuances were requested by the executor and granted by the probate court, a hearing on the objections was held with the probate court judge on February 22, 2007. The probate court overruled the executor's objections and adopted the magistrate's decision. However, the probate court did not provide any independent rationale in its February 22, 2007 journal entries. The probate judge *Page 5 
simply adopted the magistrate's decision without separately stating its own judgment. Appellant now appeals the probate court's February 22, 2007 judgment entries.
 II {¶ 10} Appellant's first assignment of error provides the following: "The court abused its discretion by ordering the distribution of estate assets when an investigation revealed that several million dollars were unaccounted for and missing from decedent's estate."
 {¶ 11} Appellant's second assignment of error provides the following: "The court erred in its determination that Richard A. Oviatt's attorney's fees were unauthorized when these investigative expenses were previously approved in the second partial accounting filed on April 20, 2005."
 {¶ 12} Appellant's third assignment of error provides the following: "The court abused its discretion by ordering Douglas [J.] Zinni, executor of the estate of Jerry A. Zinni, to reimburse the estate for expenses incurred in investigating assets missing from the estate when the investigation was conducted for the benefit of the estate."
 {¶ 13} Appellant's fourth assignment of error provides the following: "The court erred by awarding attorney's fees to Gerald Zinni when the expenses incurred were for Gerald Zinni's personal benefit and not for the benefit of the estate." *Page 6 
 {¶ 14} Appellant's fifth assignment of error provides the following: "The court's determination that the investigation by Richard A. Oviatt and private investigators was `fruitless' was against the manifest weight of the evidence."
 III {¶ 15} Section 3(B)(2), Article IV, of the Ohio Constitution limits this court's appellate jurisdiction to the review of final orders. Absent a final order, this court is without jurisdiction to affirm, reverse, or modify an order from which an appeal is taken. GeneralAccident Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 20,540 N.E.2d 266. R.C. 2505.02, as relevant to this case, defines a final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C.2505.02(B)(1).
 {¶ 16} Where a trial court overruled a former wife's objections to a magistrate's decision, pursuant to Civ.R. 53, but the trial court failed to separately set forth its own judgment, there was no final appealable order pursuant to Civ.R. 54 and R.C. 2505.02(B)(1). As the appellate court lacked jurisdiction pursuant to Article IV, Section 3(B)(2), of the Ohio Constitution and R.C. 2501.02, dismissal of the appeal was mandated. Burns v. Morgan, 165 Ohio App.3d 694, 847 N.E.2d 1288,2006-Ohio-1213. *Page 7 
 {¶ 17} Overruling objections to a magistrate's decision without separately setting forth the court's own judgment does not constitute a final appealable order. Burns v. Morgan, supra.
 {¶ 18} There was no final order where objections to the magistrate's decision and notices of appeal were filed at the same time. McCown v.McCown (2001), 145 Ohio App.3d 170, 762 N.E.2d 398.
 {¶ 19} A trial court order stating merely that it is adopting a magistrate's decision is not a final appealable order. Harkai v. ScherbaIndus. (2000), 136 Ohio App.3d 211, 736 N.E.2d 101.
 {¶ 20} To constitute a final appealable order, a court's entry reflecting action on a magistrate's decision must be a separate and distinct instrument from the decision and must grant relief on the issues originally submitted to the court. In re Jesmone Dortch (1999),135 Ohio App.3d 430, 734 N.E.2d 434.
 {¶ 21} A magistrate lacks authority to issue "orders" under Civ.R. 53(E). An interim order is not a final appealable order. Barker v.Barker (1997), 118 Ohio App.3d 706, 693 N.E.2d 1164.
 {¶ 22} Civ.R. 53(E)(5) contains the following instruction: The court shall enter its own judgment on the issues submitted for action and report by the referee. Incorporating the referee's report without separately stating its own judgment does *Page 8 
not constitute a final appealable order. In re Michael (1991),71 Ohio App.3d 727, 595 N.E.2d 397.
 {¶ 23} In the instant case, a hearing was held with the probate court judge on February 22, 2007. The probate court overruled the executor's objections and adopted the magistrate's decision. However, as previously mentioned, the probate court did not independently order the relief to be provided in its February 22, 2007 journal entries.
 {¶ 24} Accordingly, we lack jurisdiction to review appellant's assignments of error, as this case does not involve a final appealable order.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] See magistrate's decision. *Page 1