MELODY J. STEWART, J., CONCURRING IN PART AND DISSENTING IN PART:
 {¶ 2} I respectfully dissent from the majority's sua sponte dismissal of this consolidated appeal. All nine consolidated cases are appeals of the reduction of the *Page 5 
award of attorney fees in a tax certificate foreclosure action. All were tried to a magistrate and all resulted in a default judgment granting a decree of foreclosure. In each case plaintiff-appellant filed a timely objection to the magistrate's decision. The majority dismisses all of the appeals, stating that: "In each case, the trial court merely adopted the magistrate's decision without separately stating its own judgment as required by Civ. R. 53(E)(5)." I find that in five of the consolidated cases, app. Nos. 90343, 90352, 90357, 90525, and 90526, the judgment entry constitutes a final appealable order.
 {¶ 3} In order to constitute final judgment in a matter tried to a magistrate, the trial court must review the magistrate's decision and: (1) rule on any objections to the magistrate's decision, (2) adopt, modify, or reject the magistrate's decision, and (3) enter a judgment that determines all the claims for relief in the action or determine that there is no just reason for delay. Civ. R. 53(d)(4)(B)(D) and (E); R.C. 2305.02; Civ. R. 54. See Yantek v. Coach Builders Ltd., Hamilton App. No. C-060601, 2007-Ohio-5126; In re: Zinni, Cuyahoga App. No. 89599, 2008-Ohio-581.
 {¶ 4} In the five cases cited above, the judgment entry appealed from states:
 {¶ 5} "The objections to the magistrate's decision are overruled, the court adopts the magistrate's decision attached hereto and incorporated herein. Decree of foreclosure for Plymouth Park Tax Services, LLC. final. Pursuant to Civ. R. 54(B) the court finds there is no just cause for delay." *Page 6 
 {¶ 6} While certainly minimal in its wording, I find the court's entry to constitute a final appealable order sufficient to invoke the jurisdiction of this court. I would dismiss the four cases with deficient judgment entries and allow the consolidated appeal of the five remaining cases to go forward for a decision on the merits. *Page 1