JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Oties Jordan, Sylvia Jordan, and Stay Focused, L.L.C., a company for which Oties Jordan is the statutory agent (collectively referred to as "Jordan"), bring this appeal challenging the trial court's entry of summary judgment in favor of appellee, Wells Fargo Bank ("WFB").
 {¶ 2} On January 15, 2009, WFB filed a motion to dismiss for lack of a final appealable order. After a thorough review of the record, and for the reasons set forth below, we deny WFB's motion to dismiss and hold that the trial court erred by granting summary judgment.
 {¶ 3} On January 3, 2003, Jordan executed a note and mortgage ("the Mortgage") with Delta Funding Corporation for property located on Wade Park Avenue in Cleveland, Ohio ("the Property"). On or about March 1, 2007, Jordan defaulted on the loan. On August 3, 2007, WFB filed a complaint against Jordan for money judgment, foreclosure, and relief. Attached to the complaint was a copy of the note and mortgage naming Delta Funding Corporation as the holder of the Mortgage. On November 8, 2007, Jordan filed his answer and counterclaim against WFB for fraud, negligence, and violations of federal and state creditor lending laws.
 {¶ 4} On February 26, 2008, WFB filed a motion for summary judgment and a motion to dismiss Jordan's counterclaim. Despite extensions of time *Page 4 
granted by the magistrate assigned to hear the case, Jordan did not file a timely opposition to WFB's motions. On April 7, 2008, the magistrate issued the following order: "As Plaintiff's motion to dismiss counterclaim presents matters outside the pleadings, said motion is deemed part of plaintiff's motion for summary judgment. Therefore, inasmuch as reasonable minds could conclude from the evidence submitted only that plaintiff is entitled to judgment and a decree of foreclosure, plaintiff's motion for summary judgment is granted. ***." Jordan filed objections to the magistrate's order.
 {¶ 5} In its May 21, 2008 judgment entry, the trial court adopted the magistrate's decision in an entry that read: "The objection to the Magistrate's Decision is overruled. The Court adopts the Magistrate's Decision attached hereto and incorporated herein. Judgment for the substitute plaintiff against Oties Jordan, aka Oties Jordan, Jr., in the sum of $72,690.93 with interest thereon at the rate of 9.24 [percent] per annum from March 1, 2007. Decree of foreclosure for substitute plaintiff. Pursuant to Civ. R. 54(B) the court finds no just cause for delay."
 Final Appealable Order {¶ 6} In its motion to dismiss, WFB argues that the trial court's entry is not a final appealable order because it does not set forth its own judgment. We disagree. *Page 5 
 {¶ 7} Pursuant to Section 3 (B) (2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts. A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ. R. 54(B). In re Adoption of M.P., Franklin App. No. 07AP-278, 2007-Ohio-5660, ¶ 15, citing Denham v. City of NewCarlisle, 86 Ohio St.3d 594, 596, 1999-Ohio-128, 716 N.E.2d 184.
 {¶ 8} R.C. 2505.02(B) defines a final order, in pertinent part, as follows: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 9} "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." Natl. City Commer. Capital Corp. v. AAAA atYour Serv., Inc., 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663.
 {¶ 10} WFB takes issue here with whether the trial court's entry adopting the magistrate's decision is a final appealable order. "Civ. R. 53(E)(5) contains the following instruction: The court shall enter its own judgment on the issues submitted for action and report by the referee. Incorporating the referee's report without separately stating its own judgment does not constitute a final *Page 6 
appealable order." In re Michael (1991), 71 Ohio App.3d 727,595 N.E.2d 397. A trial court order stating merely that it is adopting a magistrate's decision is not a final appealable order. Harkai v. ScherbaIndus. (2000), 136 Ohio App.3d 211, 736 N.E.2d 101. To constitute a final appealable order, a court's entry reflecting action on a magistrate's decision must be a separate and distinct instrument from the decision and must grant relief on the issues originally submitted to the court. In re Jesmone Dortch (1999), 135 Ohio App.3d 430,734 N.E.2d 434.
 {¶ 11} "[T]he trial court must *** enter its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined. In other words, the judgment entry must be worded in such a manner that the parties can readily determine what is necessary to comply with the order of the court." Burns v. Morgan, 165 Ohio App.3d 694, 2006-Ohio-1213,847 N.E.2d 1288, quoting Yahraus v. City of Circleville, 4th Dist. No. 00CA04, 2000-Ohio-2019, quoting Lavelle v. Cox (Mar. 15, 1991), 11th Dist. No. 90-T-4396.
 {¶ 12} We find that the trial court's entry in this case is a final appealable order. In light of the fact that the magistrate incorporated WFB's motion to dismiss Jordan's counterclaim into its summary judgment motion, the judgment entry sets forth its judgment and a judgment amount in favor of WFB. Furthermore, the trial court order included the requisite Civ. R. 54(B) language, which grants this court jurisdiction to hear the appeal. WFB's motion to dismiss is denied. *Page 7 
 Review and Analysis {¶ 13} We next address the merits of Jordan's appeal, in which he raises three assignments of error for our review. We find Jordan's first assignment of error dispositive of the case.
 {¶ 14} "I. The trial court erred in granting summary judgment to the substitute party plaintiff as genuine issues of material fact remained outstanding to be determined."
 {¶ 15} In his first assignment of error, Jordan argues that summary judgment is improper because there was no evidence presented that WFB owned the Mortgage. Although we disagree with Jordan's claim that summary judgment was improper due to a lack of ownership evidence, we find that WFB did not have standing when it filed the complaint; therefore, the trial court erred by granting summary judgment in favor of WFB and should have dismissed this case without prejudice.
 {¶ 16} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267. *Page 8 
 {¶ 17} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 18} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact or material element of the nonmovingparty's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing that a genuine issue for trial exists. Id.
 {¶ 19} This court reviews the lower court's granting of summary judgment de novo. Brown v. County Commrs. (1993), 87 Ohio App.3d 704,622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record *** in a light most favorable to the nonmoving party ***. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul *Page 9 
(1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 20} Civ. R. 17(A) states that "[e]very action shall be prosecuted in the name of the real party in interest. *** No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."
 {¶ 21} "A party lacks standing to invoke the jurisdiction of a court unless he has, in an individual or a representative capacity, some real interest in the subject matter of the action. State ex rel. Dallman v.Court of Common Pleas (1973), 35 Ohio St.2d 176, 298 N.E.2d 515, syllabus. The Eleventh Appellate District has held that `Civ. R. 17 is not applicable when the plaintiff is not the proper party to bring the case and, thus, does not have standing to do so. A person lacking any right or interest to protect may not invoke the jurisdiction of a court.' Northland Ins. Co. v. Illuminating Co., 11th Dist. Nos. 2002-A-0058 and 2002-A-0066, 2004-Ohio-1529, at ¶ 17 (internal quotations and citations omitted). The court also noted that `Civ. R. 17(A) was not applicable unless the plaintiff had standing to invoke the jurisdiction of the court in the first place, either in an individual or representative capacity, with some real interest in the subject matter. Civ. R. 17 only applies if the action is commenced by one who is sui juris or the proper party to bring the action.' Travelers *Page 10 Indemn. Co. v. R. L. Smith Co. (Apr. 13, 2001), 11th Dist. No. 2000-L-014." Wells Fargo Bank, N.A. v. Byrd, 178 Ohio App.3d 285,2008-Ohio-4603, 897 N.E.2d 722.
 {¶ 22} The holder of rights or interest in property is a necessary party to a foreclosure action. See Hembree v. Mid-America Fed. Sav. Loan Assn. (1989), 64 Ohio App.3d 144, 152, 580 N.E.2d 1103.
 {¶ 23} In Deutsche Bank National Trust Co. v. Steele (6th Cir., Jan. 8, 2008), Case No. 2:07-CV-886, the court held: "While a court has no duty to search the record and may properly limit its review of an unopposed motion for summary judgment to the facts relied on by defendant, Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404-05
and 407 (6th Cir. 1992), it cannot enter judgment if the moving party is not entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. Several judges have held that a complaint must be dismissed if the plaintiff cannot prove that it owned the note and mortgage on the date the complaint was filed. E.g., In re Foreclosure Cases, (N.D. Ohio 2007), Case Nos. 1:07CV2282, et seq., (Boyko, J.); In re ForeclosureCases (S.D. Ohio 2007), 521 F. Supp.2d 650, (Rose, J.). Thus, if plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law."
 {¶ 24} In Wells Fargo Bank, N.A. v. Byrd, supra, where Wells Fargo filed suit on its own behalf but acquired the mortgage from the original lender after filing, the court held that, "in a foreclosure action, a bank that was not the mortgagee when suit *Page 11 
was filed cannot cure its lack of standing by subsequently obtaining an interest in the mortgage."
 {¶ 25} Our facts are exactly the same here. Delta Funding Corporation owned the Mortgage for the Property on August 3, 2007, the date WFB filed its complaint against Jordan. On September 24, 2007, WFB filed a Notice of Filing of Final Judicial Report. Attached to the Notice were a Final Judicial Report and an Assignment of Mortgage, indicating the Mortgage had been assigned to WFB on August 22, 2007, nearly three weeks after it filed its complaint. In short, WFB was not the real party in interest on the date it filed its complaint seeking foreclosure against Jordan.
 {¶ 26} Thus, WFB lacked standing to bring a foreclosure action against Jordan. As such, the trial court erred in granting summary judgment in favor of WFB because WFB was not entitled to judgment as a matter of law. We sustain Jordan's first assignment of error, reverse summary judgment, and order the trial court to dismiss the complaint without prejudice.
 {¶ 27} Having sustained Jordan's first assignment of error, we find his remaining assignments of error are moot.[1]
 {¶ 28} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants recover of said appellee costs herein taxed. *Page 12 
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR
 APPENDIX
Appellant's remaining Assignments of Error:
II. That the trial court erred in granting the motion of Wells Fargo Bank to substitute party plaintiff filed 11/16/07 on 11/21/07 without hearing, substantial basis therefore, or even providing the defendant with an opportunity to receive, review or reply to the motion.
III. That the trial court erred in determining it had jurisdiction to proceed in this foreclosure contrary to the Federal Court determinations and the standard within the Court of Common Pleas Cuyahoga County.
[1] Appellant's remaining Assignments of Error are included in the Appendix to this Opinion. *Page 1