JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, La Dolce Vita, LLC, et al. ("La Dolce Vita"), and defendants-appellants/cross-appellants, Flynn Properties, LLC, et al. ("Flynn Properties"), appeal the trial court's decision to grant summary judgment in favor of plaintiff-appellee, JDI Murray Hill, LLC ("JDI"). For the reasons discussed below, we dismiss this appeal for lack of jurisdiction.
 {¶ 2} In 2005, Republic Bank filed a foreclosure action against Flynn Properties and La Dolce Vita.[1] The next year, Republic Bank sold the note and mortgage to JDI and the trial court substituted JDI as the real party in interest. JDI moved for summary judgment to establish its priority over La Dolce Vita's tenancy rights. La Dolce Vita also moved for summary judgment, requesting a determination that its tenancy possessed priority with respect to the mortgage. A magistrate recommended that JDI's motion for summary judgment be granted and La Dolce Vita's motion for summary judgment be denied.
 {¶ 3} On December 27, 2007, the trial court issued a journal entry stating that La Dolce Vita's objections to the magistrate's decisions were overruled and denied. The court further found that JDI's mortgage had priority over La Dolce Vita's lease, sustained JDI's objections to the magistrate's decision, found that JDI was entitled to attorney fees, and instructed the magistrate to set a hearing on attorney fees. At the end of the journal entry, the court stated that "there is no just reason for delay." *Page 5 
 {¶ 4} On January 8, 2008, the trial court issued another order, in which it expressly adopted the magistrate's decision and granted the decree of foreclosure. In this order, the trial court stated that pre-acceleration late fees and attorney fees would be determined at a later date.
 {¶ 5} La Dolce Vita filed its notice of appeal, stating that it was appealing the trial court's December 27, 2007, order. JDI moved to dismiss the appeal, arguing that the December 27, 2007 journal entry was not a final appealable order. La Dolce Vita subsequently filed a motion for leave to file an amended notice of appeal to include the trial court's January 8, 2008 journal entry. We granted La Dolce Vita's motion to file an amended notice of appeal. Flynn Properties also filed a cross-appeal and a separate notice of appeal challenging the trial court's granting of summary judgment to JDI. The two appeals have been consolidated for review and decision.[2]
 {¶ 6} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219, 736 N.E.2d 101. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied. Stewart v. Midwestern Indemn. Co.
(1989), 45 Ohio St.3d 124, 543 N.E.2d 1200. *Page 6 
 {¶ 7} Civ. R. 54(B) is applicable to this case because it involves multiple claims and parties and the trial court's granting of partial summary judgment disposed of fewer than all the claims and parties. Civ. R. 54(B) provides in relevant part:
 {¶ 8} "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties[.]"
 {¶ 9} In Noble v. Colwell (1989), 44 Ohio St.3d 92, 96,540 N.E.2d 1381, the Ohio Supreme Court stated:
 "Rule 54(B) makes mandatory the use of the language, `there is no just reason for delay.' Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable. * * * The required language puts the parties on notice when an order or decree has become final for purposes of appeal." (Internal citations omitted.)
See Stewart, supra; Tolley v. Allstate Ins. Co., Cuyahoga App. No. 83255, 2004-Ohio-1270; State v. Bryan, Cuyahoga App. No. 87482,2006-Ohio-5022; Bankers Trust Co. of Cal., N.A. v. Tutin, Summit App. Nos. 22850 and 22870, 2006-Ohio-1178; Tadmor v. Huntington Natl. Bank v.Fisher, Summit App. No. 22760, 2006-Ohio-1046. *Page 7 
 {¶ 10} In IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.,116 Ohio St.3d 335, 336, 2007-Ohio-6439, 879 N.E.2d 187, the Ohio Supreme Court held that "when attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ. R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order."
 {¶ 11} In the instant case, the December 27, 2007 judgment entry did include the Civ. R. 54(B) language. That journal entry, however, did not grant or deny summary judgment. The order merely decided an issue, i.e., that the mortgage had priority over the lease; the order did not dispose of any claims or parties.
 {¶ 12} The January 8, 2008 order granting summary judgment to JDI stated that pre-acceleration and attorney fees would be determined at a later date, but did not include the requisite Civ. R. 54(B) language. As stated above, Civ. R. 54(B) expressly requires language to the effect that there is no just reason for delay. The trial court omitted the language from its January 8, 2008 judgment entry; thus, the court failed to make the essential determination as required by Civ. R. 54(B).
 {¶ 13} Finally, the trial court adopted the magistrate's decision without separately stating its own judgment as required by Civ. R. 53(D)(4)(e) and Civ. R. 54(A). A trial court order stating that it is adopting a magistrate's decision is not a final appealable order. In reZinni, Cuyahoga App. No. 89599, 2008-Ohio-581, citing Harkai v. ScherbaIndus. (2000), 136 Ohio App.3d 211, 736 N.E.2d 101. To constitute a final appealable order, a court's entry reflecting action on a magistrate's decision must be a separate and distinct instrument from the decision and must grant *Page 8 
relief on the issues originally submitted to the court. Id. at ¶ 13, citing In re Jesmone Dortch (1999), 135 Ohio App.3d 430, 734 N.E.2d 434.
 {¶ 14} We therefore lack a final appealable order and must dismiss the appeal and cross-appeal.
Appeal and cross-appeal dismissed.
It is ordered that appellants and appellees split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., CONCURS; MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION
[1] Flynn Properties owns the building that houses La Dolce Vita restaurant. La Dolce Vita leases the space, and parties have been in litigation over the lease since 2000.
[2] The parties involved in these two consolidated cases have filed three additional notices of appeal: Cuyahoga App. Nos. 91573, 92190, and 92696.