[Cite as *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98360

---

# CITIMORTGAGE, INC.

#### PLAINTIFF-APPELLANT

vs.

# DAVID L. PATTERSON, ET AL.

#### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-601901

**BEFORE:** Celebrezze, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** December 13, 2012

**ATTORNEYS FOR APPELLANT**

John C. Greiner
Harry W. Cappel
Graydon Head & Ritchey, L.L.P.
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio   45202-3157


**ATTORNEYS FOR APPELLEES**

**For David L. Patterson, et al.**

Grace Doberdruk
Dann, Doberdruk & Wellen, L.L.C.
4600 Prospect Avenue
Cleveland, Ohio   44103

**For Allstate Insurance Company**

Allstate Insurance Co., pro se
280 Executive Parkway West
Hudson, Ohio   44236

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, CitiMortgage, Inc. ("CitiMortgage"), appeals the judgment of the Cuyahoga County Court of Common Pleas granting a motion to vacate a foreclosure judgment and sheriff's sale brought pursuant to Civ.R. 60(B) in favor of defendants-appellees, David and Marva Patterson (collectively "the Pattersons"). After careful review of the record and relevant case law, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

{¶2} This is an action in foreclosure stemming from a promissory note and mortgage on which the Pattersons defaulted. On September 20, 2006, CitiMortgage filed a complaint in foreclosure against the Pattersons. Attached to the complaint was a copy of the note and mortgage naming First National Bank of Arizona as the lender. The attached note also included an allonge of note bearing a blank indorsement. On February 28, 2007, CitiMortgage filed a notice of filing note and allonge of note evidencing the assignment of the mortgage to CitiMortgage. The assignment of the mortgage to CitiMortgage was executed on September 29, 2006, and filed with the Cuyahoga County Recorder on October 13, 2006.

{¶3} On April 10, 2007, the trial court entered a stay pursuant to the Pattersons' Chapter 7 bankruptcy proceedings. The stay was lifted on April 14, 2008, and the case was reactivated. On June 25, 2008, CitiMortgage moved for default judgment.

Following the Pattersons' failure to appear at the default hearing, the magistrate granted CitiMortgage's motion for default judgment on August 15, 2008. Without objection, the trial court adopted the magistrate's decision on September 11, 2008.

{¶4} On November 24, 2008, the property was sold at sheriff's sale, and the sale was confirmed on December 4, 2008. On December 12, 2008, CitiMortgage filed a motion to vacate the sale, and the trial court granted the motion on December 23, 2008. Subsequently, the property was sold at sheriff's sale on June 28, 2010.

{¶5} On June 28, 2010, the Pattersons filed a motion to stay the confirmation of sale. In response, CitiMortgage filed a motion to vacate the June 28, 2010 sale, which the trial court granted on September 27, 2010. On June 16, 2011, CitiMortgage filed a notice of sale with the trial court and scheduled a new sheriff's sale for July 11, 2011. On July 8, 2011, the Pattersons filed an emergency motion to stay the sheriff's sale and a Civ.R. 60(B) motion to vacate the default judgment. The property was not sold at the July 11, 2011 sheriff's sale.[1] However, the property was ultimately sold at sheriff's sale on October 3, 2011.

{¶6} On March 5, 2012, the trial court held a hearing on the Pattersons' motion to vacate the default judgment. On April 19, 2012, the trial court granted the motion to vacate, stating in relevant part:

---

[1] The trial court found the Pattersons' July 8, 2011 emergency motion to stay the sheriff's sale to be moot based on CitiMortgage's failure to sell the property at the July 11, 2011 sheriff's sale.

Upon review of the file, the motion for relief from judgment, and Plaintiff's brief in opposition thereto, and pursuant to precedent 2009-Ohio-1092,[2] the motion for relief from judgment of Mr. and Mrs. Patterson is granted. Plaintiff filed the instant action on 09/20/2006, and attached copies of the Note and Mortgage upon which the case was based. Unfortunately for plaintiff, however, the evidence provided indicates that the mortgage was not assigned to Plaintiff CitiMortgage, Inc., until 10/13/2006, after the case was filed. Plaintiff, therefore, has not provided sufficient evidence of standing as required by *Wells Fargo v. Jordan*. As a consequence, the sheriff's sale held 10/03/2011 is hereby vacated; the judgment rendered 09/11/2008 is also vacated; and the case is dismissed; without prejudice; final.

{¶7} CitiMortgage now brings this timely appeal, raising three assignments of error for review:

I.   The trial court erred as a matter of law by granting the Pattersons' motion to vacate the judgment pursuant to Ohio Civ.R. 60(B).

II.   The trial court abused its discretion in granting the Pattersons's motion to vacate the judgment under Ohio Civ.R. 60(B).

III.   The trial court erred as a matter of law by ruling that it lacked standing to prosecute the foreclosure action.

Law and Analysis

{¶8} For the purposes of this appeal, we review CitiMortgage's assignments of error out of order because its third assignment of error is dispositive. CitiMortgage argues here that the trial court erred as a matter of law by ruling that CitiMortgage lacked standing to prosecute the case.

I.

---

[2] *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092.

{¶9} Initially, CitiMortgage contends that if there were defects in its standing at the time it filed the foreclosure action on September 20, 2006, those purported defects were cured prior to the judgment of foreclosure pursuant to Civ.R. 17(A).

{¶10} In Ohio, Civ.R. 17(A) governs the procedural requirement that a complaint be brought in the name of the real party in interest. Civ.R. 17(A) states in relevant part:

> Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

{¶11} The real party in interest requirement "enable[s] the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter." *Shealy v. Campbell*, 20 Ohio St.3d 23, 24-25, 485 N.E.2d 701 (1985), quoting *In re Highland Holiday Subdivision*, 27 Ohio App.2d 237, 273 N.E.2d 903 (4th Dist.1971). "The current holder of the note and mortgage is the real party in interest in a foreclosure action." *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. No. 91802, 2010-Ohio-236, ¶ 15, citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C-061069, 2007-Ohio-5874.

{¶12} As stated, the trial court concluded that CitiMortgage did not have standing to prosecute the foreclosure action in this matter because it was not assigned the mortgage until approximately nine days after it filed the complaint for foreclosure against the

Pattersons. Relying on Civ.R. 17(A), CitiMortgage contends that any purported defect in its standing at the commencement of the foreclosure action was cured once it obtained the assignment of mortgage prior to the entry of judgment in this matter. This court has held, however, that a plaintiff's lack of standing at the time a complaint is filed in a foreclosure action cannot be cured by substituting the real party in interest for an original party pursuant to Civ.R. 17(A). *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092, ¶ 24. In *Jordan*, we explained that

> "Civ.R. 17(A) is not applicable unless the plaintiff had standing to invoke the jurisdiction of the court in the first place, either in an individual or representative capacity, with some real interest in the subject matter. Civ.R. 17 only applies if the action is commenced by one who is sui juris or the proper party to bring the action."

*Id.* at ¶ 21, citing *Travelers Indemn. Co. v. R. L. Smith Co.*, 11th Dist. No. 2000-L-014, 2001 Ohio App. LEXIS 1750 (Apr. 13, 2001). We concluded that "in a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure its lack of standing by subsequently obtaining an interest in the mortgage." *Id.* at ¶ 24; *see also Deutsche Bank Natl. Trust Co. v. Triplett*, 8th Dist. No. 94924, 2011-Ohio-478, ¶ 12; *Wells Fargo Bank N.A. v. Byrd*, 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722 (1st Dist.).[3]

---

[3] CitiMortgage challenges the validity of our holding in *Jordan* and asks this court to apply the analysis developed in the Fifth, Sixth, Seventh, Ninth, Tenth, and Twelfth districts, which allows a party to cure any potential defect in standing prior to the entry of judgment pursuant to Civ.R. 17(A). *U.S. Bank Natl. Assn. v. Bayless*, 5th Dist. No. 09 CAE 01 004, 2009-Ohio-6115; *Deutsche Bank Natl. Trust Co. v. Greene*, 6th Dist. No. E-10-006, 2011-Ohio-1976; *U.S. Bank, N.A. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032 (7th Dist.); *BAC Home Loans Servicing, L.P. v. Cromwell*, 9th Dist. No. 25755, 2011-Ohio-6413; *Countrywide Home Loan Servicing, L.P. v.*

**{¶13}** Recently, the Ohio Supreme Court addressed the issues of standing and real party in interest as they relate to foreclosure actions in *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* Slip Opinion No. 2012-Ohio-5017 (Oct. 31, 2012). Specifically, the court reviewed whether, "[i]n a mortgage foreclosure action, the lack of standing or a real party interest defect can be cured by the assignment of the mortgage prior to judgment." *Id*. at ¶ 19.

**{¶14}** In discussing the requirement of standing, the Ohio Supreme Court stated, "[i]t is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *Id.* at ¶ 22, citing *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). The court explained, "[b]ecause standing to sue is required to invoke the jurisdiction of the common pleas court, 'standing is to be determined as of the commencement of suit.'" *Id.* at ¶ 24, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5. "Thus, 'post-filing events that supply standing that did not exist on filing may be disregarded, denying standing despite a showing of sufficient present injury caused by the challenged acts and capable of judicial redress.'" *Id*. at ¶ 26,

---

*Thomas*, 10th Dist. No. 09AP-819, 2010-Ohio-3018; *Wash. Mut. Bank, F.A. v. Wallance*, 194 Ohio App.3d 549, 2011-Ohio-4174, 957 N.E.2d 92 (12th Dist.).

citing 13A Wright, Miller & Cooper, *Federal Practice and Procedure 9*, Section 3531 (2008).[4]

{¶15} Applying these principles to the facts before it, the Ohio Supreme Court held:

> Here, Federal Home Loan concedes that there is no evidence that it had suffered any injury at the time it commenced this foreclosure action. Thus, because it failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court.

*Id*. at ¶ 28.

---

[4] This principle accords with decisions from other states holding that standing is determined at the time the complaint is filed. *See, e.g., Deutsche Bank Natl. Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, ¶ 11 ("If Deutsche Bank became a person entitled to enforce the note as either a holder or nonholder in possession who has the rights of a holder after the foreclosure action was filed, then the case may be dismissed without prejudice * * *."); *U.S. Bank Natl. Assn. v. Kimball*, 190 Vt. 210, 2011 VT 81, 27 A.3d 1087, ¶ 14 ("U.S. Bank was required to show that at the time the complaint was filed it possessed the original note either made payable to bearer with a blank endorsement or made payable to order with an endorsement specifically to U.S. Bank."); *Mtge. Electronic Registration Sys., Inc. v. Saunders*, 2010 ME 79, 2 A.3d 287, ¶ 15 ("Without possession of or any interest in the note, MERS lacked standing to institute foreclosure proceedings and could not invoke the jurisdiction of our trial courts."); *RMS Residential Properties, L.L.C. v. Miller*, 303 Conn. 224, 229, 232, 32 A.3d 307 (2011), quoting *Hiland v. Ives*, 28 Conn.Supp. 243, 245, 257 A.2d 822 (1966) (explaining that "'[s]tanding is the legal right to set judicial machinery in motion'" and holding that the plaintiff had standing because it proved ownership of the note and mortgage at the time it commenced foreclosure action); *McLean v. JP Morgan Chase Bank Natl. Assn.*, 79 So.3d 170, 173 (Fla.App.2012) ("the plaintiff must prove that it had standing to foreclose when the complaint was filed"); *see also Burley v. Douglas*, 26 So.3d 1013, 1019 (Miss.2009), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5 ("'standing is to be determined as of the commencement of suit'"); *In re 2007 Administration of Appropriations of Waters of the Niobrara*, 278 Neb. 137, 145, 768 N.W.2d 420 (2009) ("only a party that has standing may invoke the jurisdiction of a court or tribunal. And the junior appropriators did not lose standing if they possessed it under the facts existing when they commenced the litigation" [Footnote omitted.]). *Schwartzwald* at ¶ 27.

**{¶16}** Next, the Ohio Supreme Court discussed the application of Civ.R. 17(A) and, as this court articulated in *Jordan*, the Ohio Supreme Court rejected the notion that Civ.R. 17(A) allows a party to cure the lack of standing after the commencement of the action by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest. *Id*. at ¶ 39. According to the court:

> Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance.
>
> * * *
>
> The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint, however, that dismissal is not an adjudication on the merits and is therefore without prejudice.

*Id*. at ¶ 38, 40.

**{¶17}** Significantly, the court declined to follow its previous plurality opinion in *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 1998-Ohio-275, 701 N.E.2d 1002, which suggested that "[t]he lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter." In choosing not to apply *Suster*, the court noted that "four justices declined to join [the standing] portion of the opinion, and therefore it is not a holding of this court." *Id*. at ¶ 29, citing Ohio Constitution, Article IV, Section 2(A) ("A majority of the supreme court shall be necessary to constitute a quorum or to render a judgment").

**{¶18}** In dismissing Federal Home Loan's foreclosure action against the Schwartzwalds without prejudice, the court concluded:

> It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court. Civ.R. 17(A) does not change this principle, and a lack of standing at the outset of litigation cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest.

*Id.* at ¶ 41.

**{¶19}** Thus, in light of the Ohio Supreme Court's decision in *Schwartzwald*, we find no merit to CitiMortgage's arguments regarding Civ.R. 17(A) and its purported ability to cure potential defects in standing.

II.

**{¶20}** Alternatively, CitiMortgage argues that, despite the trial court's holding to the contrary, it did have standing to prosecute the foreclosure action against the Pattersons, as evidenced by its possession of the promissory note indorsed in blank at the time the complaint was filed on September 20, 2006. We find the language utilized in *Schwartzwald* to be vital to our review of whether the trial court properly relied on *Jordan* in determining that CitiMortgage did not have standing in this matter.

**{¶21}** As discussed, the Ohio Supreme Court concluded in *Schwartzwald* that Federal Home Loans did not have standing to invoke the jurisdiction of the common pleas court because "it failed to establish an interest in the note *or* mortgage at the time it filed suit." (Emphasis added.) *Id.* at ¶ 28. Significant to the court's holding is its deliberate decision to use the disjunctive word "or" as opposed to the conjunctive word "and"

when discussing the interest Federal Home Loans was required to establish at the time it filed the complaint. The language depicts an apparent distinction from our holding in *Jordan*, where we held that a party only has standing to invoke the jurisdiction of the court when the plaintiff has offered evidence that "it owned the note *and* mortgage when the complaint was filed." (Emphasis added.) *Jordan* at ¶ 23. In our view, *Schwartzwald* extends the limitations of our holding in *Jordan* and stands for the proposition that a party may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note.

{¶22} Based on our interpretation of *Schwartzwald*, the fact that CitiMortgage was not assigned the mortgage until September 29, 2006, and did not record the assignment with the Cuyahoga County Recorder until October 13, 2006, does not preclude a finding of standing. Here, the record reflects that, unlike the plaintiffs in *Schwartzwald* and *Jordan*, CitiMortgage was the holder of the note at the time it filed the foreclosure action on September 20, 2006, based on CitiMortgage's possession of the bearer paper that secured the defendants' mortgage.[5] As a holder, CitiMortgage was entitled to enforce the note, and thereby had a real interest in the subject matter of the instant foreclosure action. *See* R.C. 1303.31(A)(1). As such, we conclude that CitiMortgage's complaint

---

[5] Pursuant to R.C. 1303.25(B) a "'[b]lank indorsement' means an instrument that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated *by transfer of possession alone* until specially indorsed." (Emphasis added.)

and its attached documents sufficiently established CitiMortgage's standing to invoke the jurisdiction of the common pleas court in this matter.

**{¶23}** Based on the foregoing, we find that the trial court erred in granting the Pattersons' motion to vacate the foreclosure judgment and sheriff's sale. CitiMortgage's third assignment of error is sustained. Based on this finding, the remaining assignments of error are moot.

**{¶24}** This cause is reversed and remanded to the Cuyahoga County Court of Common Pleas so that it may reinstate the foreclosure judgment and sheriff's sale.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR