[Cite as *Tauwab v. Huntington Bank*, 2012-Ohio-923.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96996

# AMIR JAMAL TAUWAB, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# HUNTINGTON BANK, ET AL.

### DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-732900

**BEFORE:** Stewart, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**FOR APPELLANT AMIR JAMAL TAUWAB**

Amir Jamal Tauwab, Pro Se
6075 Penfield Lane
Solon, OH    44139

**ATTORNEY FOR APPELLANT B. ANDREW BROWN & ASSOCIATES, LLC**

Jason Ralls
11811 Shaker Boulevard, Suite 420
Cleveland, OH    44120

**ATTORNEYS FOR APPELLEE HUNTINGTON BANK**

Stephen M. Bales
Douglas M. Eppler
Ziegler Metzger LLP
925 Euclid Avenue, Suite 2020
Cleveland, OH    44115-1441

**ATTORNEYS FOR APPELLEES PREMIER PROPERTIES OF CENTRAL OHIO, INC., CHAD J. LANE, AND JONATHAN L. LOZIER**

Robert D. Warner
Michelle J. Sheehan
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH    44115-1093

**ATTORNEY FOR SAFEGUARD PROPERTIES, INC.**

Roy J. Schechter
Lichko & Schechter
230 Bridge Building
18500 Lake Road
Cleveland, OH    44116

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant Amir Jamal Tauwab, a.k.a. Bruce Andrew Brown, and his solely-owned corporation B. Andrew Brown & Associates, appeal from a summary judgment on all counts of their trespass and conversion complaints against defendants-appellees Huntington Bancshares, Inc., Safeguard Properties, Premiere Properties of Central Ohio, and individual defendants Chad Lane and Jonathan Lozier. Tauwab alleged that Huntington wrongfully authorized Safeguard and its independent contractor, Premiere, and its employees, Lane and Lozier, to enter his home to inspect flood damage and that those who entered the house stole more than $150,000 in possessions. In a written opinion, the trial court granted summary judgment to the defendants on all counts of Tauwab's complaint. The sole assignment of error contests the summary judgments. Our review of the briefs and the record convinces us that the court's opinion fully addressed the relevant issues and law, and that the court did not err by granting summary judgment. We therefore affirm the summary judgment for the reasons stated in the court's opinion, which we adopt and set forth as an appendix to this opinion.[1]

It is ordered that appellees recover of appellants their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] We have edited the trial court's opinion for the sole purpose of correcting obvious typographical errors. In all other respects, the trial court's opinion remains in its original form.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., CONCURS;
LARRY A. JONES, SR., J., CONCURS IN JUDGMENT ONLY

APPENDIX

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **AMIR JAMAL TAUWAB, et. al. ,** | ) | **CASE NO. CV-10-732900** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Dick Ambrose** |
| | ) | |
| **-vs-** | ) | |
| | ) | **JUDGMENT ENTRY** |
| **HUNTINGTON BANK, et al.,** | ) | **AND OPINION** |
| | ) | |
| **Defendants.** | ) | |

**Dick Ambrose, J**.:

{¶ 1} This action comes before the court on the following motions: Defendant Huntington Bank's Motion for Summary Judgment; Defendant Safeguard Properties

Motion for Summary Judgment; and, Defendants Premier Properties of Central Ohio, Inc., Chad J. Lane and Jonathan L. Lozier's Motion for Summary Judgment. The Court finds all of the Defendants' Motions for Summary Judgment to be well taken and they are hereby granted.

{¶ 2} This action stems from an alleged Trespass of property located at 6075 Penfield Lane Solon, Ohio. The Plaintiffs in this action are Amir Jamal Tauwab and B. Andrew Brown & Associates, LLC ("BAB & Associates"). Tauwab initiated this action by filing a complaint on July 29, 2010. This Court subsequently granted Tauwab leave to file a Second Amended Complaint on October 25, 2010. The Second Amended Complaint sets forth causes of action for Trespass and Conversion against all of the named Defendants. BAB & Associates was not a party to this action at the time of filing. BAB & Associates filed a Motion for Leave for Joinder on January 24, 2011, which was subsequently granted on February 17, 2011. BAB & Associates Joinder Complaint was then filed on March 3, 2011. The Joinder Complaint asserts claims for Trespass against all of the named Defendants. The Third Cause of Action asserted in the Joinder Complaint could be interpreted as either a Trespass Claim or Conversion Claim against Defendants Safeguard, Premier, Lane and Lozier.

**Facts**

{¶ 3} Tauwab signed a promissory note dated January 16, 2008 in the principal face amount of $417,000.00 in favor of Real Estate Mortgage Corp. *Ex. A to Affidavit of*

*Mary Cline*. The Note is secured by a mortgage also dated January 16, 2008 and signed by Tauwab in favor of Real Estate Mortgage Corp., as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee and nominee for the lender. *Ex. B to Affidavit of Mary Cline*. The Mortgage encumbers 6075 Penfield Lane Solon, Ohio. The Mortgage and Note were subsequently assigned to The Huntington National Bank on August 26, 2009. *Ex. 3 to the Deposition of Bret Pemoller*. Tauwab failed to pay on the Note according to its terms and thereby defaulted on said Note beginning on March 1, 2008. *Affidavit of Bret Pemoller* ¶ 8.

{¶ 4} Huntington Bank hired Safeguard Properties, Inc. to perform multiple visual exterior inspections of the property between February 20, 2010 and June 17, 2010 in order to determine if it appeared occupied. *Affidavit of Lisa Viliborghi* at ¶ 3. Safeguard reported back to Huntington that the premises appeared vacant and Huntington instructed Safeguard to enter the property located at 6075 Penfield Lane Solon, Ohio to secure the premises. *Id*. at ¶ 5. The premises was entered on June 17, 2010 by Premier, acting as Safeguards subcontractor. *Id*. at ¶ 7. There is a dispute as to what happened on June 17, 2010 while Premier was at the property. Plaintiff Tauwab alleges that his personal property was stolen. Defendants deny such allegations. The allegedly converted property includes custom suits, custom shirts, sport coats, shoes, coats, other clothing and six rolex watches (Tauwab values the watches at a total of $150,000) *See Ex. I to Plaintiffs' Opposition to Defendant Huntington National Bank's Motion for Summary Judgment*.

**Applicable Law**

{¶ 5} Summary Judgment may be granted if the Court determines that no genuine issues of fact remain to be litigated, the moving party is entitled to judgment as a matter of law, and if it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Ohio Civ. R. 56; see *Temple v. Wean United, Inc*. (1977), 50 Ohio St.2d 317.

**Defendant Huntington Bank's Motion for Summary Judgment**

{¶ 6} Plaintiff Tauwab and Plaintiff BAB & Associates Complaints appear to assert claims for Trespass against the Defendant Huntington Bank. In addition, although it is not clear from the Complaint, Plaintiff Tauwab[1] asserts a Conversion claim against Defendant Huntington under agency principles. The Court finds that no genuine issues of material fact remain to be tried on said claims and that Defendant Huntington is entitled to judgment as a matter of law.

---

[1]BAB & Associates does not assert a conversion claim in this action. Plaintiff Tauwab's Brief in Opposition to Defendant Huntington's Motion for Summary Judgment makes clear that Tauwab also intended to make a claim for conversion against Defendant Huntington. The Complaint does not make any specific references to Huntington Bank in the context of the Conversion Claim, but does include generic allegations against all "defendants" which this Court can interpret to include Huntington Bank. *Second Amended Complaint* at ¶ 32 – 34.

{¶ 7} Defendant is entitled to judgment as a matter of law on Plaintiff's claim for Trespass. The elements of a Trespass Claim include; "(1) an unauthorized intentional act, and (2) entry upon land in the possession of another." *Lally v. BP Products North America* (N. Dist. Ohio 2009), 615 F.Supp.2d 654. Defendant Huntington was authorized by contract, specifically through a property protection provision, to enter the Plaintiff's premises. Therefore, the first element of a Trespass Claim — unauthorized act — has not been met and Huntington cannot be found to have committed a trespass. The Mortgage Property Protection Provision allows the Lender to do "whatever is reasonable or appropriate to protect the Lender's interest in the Property and rights under this Security Instrument, including . . . securing and/or repairing the property" in the event of Plaintiff defaulting on the Mortgage. *Ex. B to Affidavit of Mary Cline*. To succeed on summary judgment with respect to the Trespass claim Defendant Huntington must both show that Plaintiff was in default under the Mortgage and further that it was reasonable or appropriate to order Safeguard to enter and secure the property.

{¶ 8} Defendant satisfied the first requirement of the Property Protection Provision by presenting evidence showing that Tauwab defaulted on the note by failing to pay beginning on March 1, 2008. *Affidavit of Bret Pemoller* at ¶ 8. Plaintiff does not present any evidence to the Court that Plaintiff was not in default, and instead argues that Huntington was not a proper holder of the Note/Mortgage and therefore cannot enter the property pursuant to said Mortgage. The evidence before the Court proves that the Note and Mortgage were assigned to Huntington Bank through the signature of a MERS

Employee on August 26, 2009. *Ex. 3 to the Deposition of Bret Pemoller.* Tauwab's argument that only Real Estate Mortgage Corp. and not MERS can assign the mortgage is misplaced. MERS as the mortgagee and nominee under the Mortgage has authority to assign said Mortgage and Note and properly exercised that authority on August 26, 2009. *See Mortgage Electronic Registration Systems, Inc. v. Tracie Mosley* (Cuyahoga County, June 24, 2010), 2010 Ohio 2886; *See also Countrywide Home Loans Servicing L.P. v. Shifflet, et al.* (Marion County, March 29, 2010), 2010 Ohio 1266. Huntington Bank was the proper holder of the Mortgage and Note and the only evidence presented to this Court shows that Plaintiff defaulted on said Note. Defendant Huntington Bank was therefore empowered through the Mortgage Protection Provision to do "whatever is reasonable and appropriate to protect the Lender's interest in the property." *Ex. B to Affidavit of Mary Cline*.

{¶ 9} This Court finds that it was "reasonable and appropriate" for Huntington Bank to order Safeguard to secure the subject premises. Plaintiff Tauwab admitted at deposition that the property in question was vacant from December of 2009 through June 6, 2010 while the Plaintiff was incarcerated. *Depo. of Amir Jamal Tauwab* at 29. Plaintiff further admitted that the gas was off in the home and that the pipes inside the home froze causing damage to the home on February 2, 2010. *Id*. at 30. The Defendant Huntington hired Safeguard during this time period to determine if the house was vacant. Safeguard inspected the premises on multiple occasions between February 20, 2010 and June 17, 2010, reporting on each occasion that the house appeared vacant. *Affidavit of*

*Lisa Viliborghi* at ¶ 4. Defendant Huntington, based on the representations of Safeguard, ordered Safeguard to enter and secure the premises. *Id*. at ¶ 5. The Court finds based on the testimony of Tauwab and Lisa Viliborghi, that Huntington Bank's directive to Safeguard to secure the premises was a proper exercise of authority pursuant to the Property Protection Provision in the Mortgage. The Court further finds that Tauwab's testimony that the property was not vacant from June 11th to June 14th does not raise an issue of material fact as to whether Huntington legally entered the property. *Affidavit of Amir Jamal Tauwab* at ¶ 8. As Huntington was authorized to enter the subject property it cannot be found liable for Trespass and therefore the Court grants Summary Judgment in favor of Huntington as to Plaintiffs' Trespass claims.

{¶ 10} Defendant Huntington is also entitled to judgment as a matter of law on Plaintiff's Conversion Claims. Plaintiff alleges that employees of Premier converted Plaintiff's property on June 17, 2010 and that Huntington Bank is liable under agency principles. It is undisputed that Safeguard was hired as an independent contractor of Huntington Bank. Generally, a principal, such as Huntington Bank, is not liable for the acts of an independent contractor, such as Safeguard, or the independent contractor's servants (Premier, Lane and Lozier). *See Kemelhar v. Kohn* (Cuyahoga County 1959), 110 Ohio App. 248. In his opposition, Plaintiff Tauwab agrees with the general rule against liability of a principal for the acts of an independent contractor, but argues that a Trespass exception applies to the case at hand and Huntington Bank can therefore still be liable for the alleged Conversion. *Hughes v. Cincinnati & S.R. Co.* (1883), 39 Ohio St.

461. This Court, having found that Huntington did not commit a trespass, hereby finds that the Trespass exception outlined by the Plaintiff does not apply to this action. The General Rule against liability set forth in *Kemelhar* applies to this case and Defendant Huntington Bank is entitled to judgment as a matter of law on Plaintiff's Conversion claim. Defendant Huntington Bank's Motion for Summary Judgment on Plaintiff's Conversion Claim is hereby granted as no genuine issues of fact remain to be litigated.

**Defendant Safeguard's Motion for Summary Judgment**

{¶ 11} Plaintiff Tauwab asserts claims for Trespass and Conversion against the Defendant Safeguard. Plaintiff BAB & Associates asserts a claim for Trespass only against the Defendant Safeguard. The Court finds that no genuine issues of material fact remain to be tried with respect to the Plaintiffs' Trespass claims and hereby grants Safeguard Summary Judgment on said claims. The Court also finds that no genuine issues of material fact remain to be tried on Plaintiff Tauwab's Conversion Claim and therefore grants summary judgment as to the Conversion Claim.

{¶ 12} Defendant Safeguard is entitled to judgment as a matter of law as to the Plaintiffs' Trespass Claims as this Court previously found that Huntington Bank was authorized to enter the Plaintiff's property pursuant to the Property Protection Provision contained in the Mortgage and thus Huntington could not be held liable on a Trespass Claim. Huntington's authorization to enter the property extends to their Independent Contractor Safeguard and therefore Safeguard cannot be held liable on Plaintiffs'

Trespass Claims. Defendant Safeguard's Motion for Summary Judgment is hereby granted with respect to the Trespass Claims.

{¶ 13} Defendant Safeguard moves for summary judgment on Plaintiff Tauwab's Conversion Claim on the basis that Tauwab failed to present any evidence that the property at issue was converted by the Defendants. In support, Defendant presents the testimony of the Premier Employees Chad Lane and Jonathan Lozier who both testified that they did not remove one piece of personal property from the residence. *See Depo. of Chad Lane* at p. 10–16, *See also Affidavit of Jonathan Lozier at ¶ 6.* In opposition, Amir Tauwab testified that he resided at the property from June 11 to June 14th, the personal property that was allegedly converted was present at the residence on June 17th and when Tauwab returned to the residence on June 19th the personal property was gone. *Affidavit of Amir Jamal Tauwab* at ¶ 3–4; *See also Ex. I to Plaintiff's Opposition to Defendant Huntington National Bank's Motion for Summary Judgment.* Tauwab's testimony does not contain any direct allegations against Mr. Lane or Mr. Lozier, and at best raises an inference that either Lane or Lozier converted the personal property at issue. However, a claim based solely upon an inference supported only by Plaintiff's self-serving affidavit is insufficient to establish a "genuine" issue of material fact. For an issue of material fact to be "genuine," the evidence must be such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc*. (1986), 477 U.S. 242; *See also First National Bank of Arizona v. Cities Service Co.* (1968) 391 U.S. 253. The Court finds that a reasonable jury could not return a verdict in favor of the Plaintiff based

solely on the inference that because Defendants Lane and Lozier were on Plaintiff's property, for Premier and on behalf of Safeguard, they must have converted his personal possessions. Plaintiff's testimony that the property was present on June 14th and gone on June 19th, without any thing else is insufficient to demonstrate that the Defendants herein converted his property. The Court finds that no "genuine" issues of material fact remain to be tried on Plaintiff's Conversion Claim and therefore grants Safeguard's Motion for Summary Judgment with respect to that claim.

**Defendants Premier Properties of Central Ohio, Inc., Chad J. Lane and Jonathan L. Lozier's Motion for Summary Judgment**

{¶ 14} Plaintiff Tauwab asserts claims for Trespass and Conversion against the Defendants Premier Properties, Chad Lane and Jonathan Lozier ("Premier Defendants"). Plaintiff BAB & Associates asserts a claim for Trespass only against said Defendants. The Court finds that no genuine issues of material fact remain to be tried with respect to the Plaintiffs' Trespass claims and hereby grants Safeguard Summary Judgment on said claims. The Court also finds that no genuine issues of material fact remain to be tried on Plaintiff Tauwab's Conversion Claim and therefore grants summary judgment as to the Conversion Claim.

{¶ 15} For the same reasons stated for Huntington and Safeguard, the Premier Defendants are entitled to judgment as a matter of law as to the Plaintiffs' Trespass Claims. The Court finds that like Safeguard, the Premier Defendants were acting

pursuant to Huntington's authorization to enter the property and therefore cannot be held liable under a claim for Trespass. The Premier Defendants Motion for Summary Judgment is hereby granted with respect to the Trespass Claim.

{¶ 16} The Premier Defendants move for summary judgment on Plaintiff Tauwab's Conversion Claim on the basis that Tauwab failed to present any evidence that the property at issue was converted. The Court's rationale with respect to Safeguard on this issue also applies to Premier. In accordance with that rationale this Court hereby grants the Premier Defendants' Motion for Summary Judgment on Plaintiff's Conversion Claim.

**Conclusion**

{¶ 17} This Court having granted Summary Judgment to the Defendants on all claims hereby removes this action from the Court's active docket. Court costs shall be paid by the Plaintiff. Final. There is no just reason for delay.

DATE: June _____ , 2011

_____
Dick Ambrose, Judge