[Cite as *Huntington Natl. Bank v. Brown*, 2014-Ohio-2649.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100567**

# HUNTINGTON NATIONAL BANK

PLAINTIFF-APPELLEE

vs.

# BRUCE A. BROWN, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-702894

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**FOR APPELLANT**

Bruce A. Brown, pro se
820 West Superior Avenue
Suite 840
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Kriss D. Felty
David M. Gauntner
Felty & Lembright Co., L.P.A.
1500 West Third Street
Suite 400
Cleveland, Ohio 44113
FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Bruce A. Brown, appeals from the trial court's decision granting summary judgment to plaintiff-appellee, Huntington National Bank ("Huntington"). After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶2} On January 16, 2008, appellant signed a promissory note in the principal amount of $417,000 in favor of Real Estate Mortgage Corporation. The note was secured by a mortgage, also dated January 16, 2008, and signed by appellant in favor of Real Estate Mortgage Corporation, as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee and nominee for the lender. The mortgage encumbered the property located at 6075 Penfield Lane in Solon, Ohio. The mortgage and

note were subsequently assigned to Huntington on August 26, 2009. The assignment was recorded in the Cuyahoga County Official Records on September 4, 2009.

{¶3} On August 31, 2009, Huntington commenced this foreclosure action as a result of appellant's default under the terms of the note and mortgage due to nonpayment. The note and mortgage attached to Huntington's complaint included a copy of a mortgage assignment executed by Huntington Staff Officer Bret Pemoller on behalf of MERS, which transferred the mortgage from MERS, as nominee for Real Estate Mortgage Corporation, to Huntington.

{¶4} On October 7, 2009, the trial court stayed the case and referred the parties to mediation. After mediation failed, the case was returned to the active docket in March 2010. On March 30, 2010, appellant filed an amended motion for summary judgment arguing, inter alia, that Huntington was not a real party in interest in this foreclosure proceeding.[1] On May 25, 2010, the magistrate denied appellant's amended motion for summary judgment, finding that Huntington had standing to invoke the jurisdiction of the court, "as the record reflects that [Huntington] received assignment of both the note and the mortgage" prior to "the filing date of the complaint."

{¶5} On June 4, 2010, Huntington filed a motion for summary judgment arguing that it was entitled to judgment as a matter of law. In support of its motion, Huntington attached Bret Pemoller's affidavit.

---

[1]Appellant's original motion for summary judgment filed on March 22, 2010 was dismissed as moot.

**{¶6}** On June 30, 2010, appellant filed a renewed motion for summary judgment arguing that (1) Huntington lacked standing to pursue the foreclosure action because it failed to record the assignment of the note and mortgage prior to filing its complaint, and (2) MERS lacked the authority to assign Huntington an interest in the note and mortgage. On July 30, 2010, Huntington filed a brief in opposition to appellant's motion for summary judgment. Significantly, Huntington's opposition brief included, for the first time, the subject note, which contained an endorsement in blank.

**{¶7}** On December 1, 2011, the magistrate issued a decision denying summary judgment in favor of Huntington and granting judgment in favor of appellant. In reaching its judgment, the magistrate stated that it would not consider the additional evidentiary materials attached to Huntington's brief in opposition based on its July 1, 2010 order prohibiting any further extensions of time to file motions for summary judgment beyond July 15, 2010. Thus, the magistrate concluded that without an endorsement page containing either a specific endorsement to Huntington or an endorsement in blank, Huntington failed to establish that it was the holder of the note at the time its complaint was filed, and therefore lacked standing to pursue the foreclosure action.

**{¶8}** On December 15, 2011, Huntington filed its objections to the magistrate's decision with the common pleas court. Huntington argued that the magistrate's decision to not consider the endorsement page attached to its brief in opposition improperly denied Huntington the opportunity to respond to appellant's renewed motion for summary

judgment. On April 6, 2012, the trial court sustained Huntington's objections, and the matter was returned to the magistrate for further proceedings consistent with the trial court's order.

{¶9} On September 7, 2012, the magistrate issued a new decision granting summary judgment in favor of Huntington. In his decision, the magistrate concluded that he was required to consider the endorsement page of the note attached to Huntington's brief in opposition pursuant to Loc.R. 11.0(I)(1) of the Court of Common Pleas of Cuyahoga County, General Division, which provides a party opposing summary judgement with 30 days to file a response to the motion. Accordingly, the magistrate found that Huntington held both the note and mortgage at the time the foreclosure action was filed, and therefore had standing to invoke the jurisdiction of the court and was a real party in interest. On September 12, 2012, appellant filed objections to the magistrate's decision, which were overruled by the trial court on August 27, 2013. On October 9, 2013, the trial court adopted the magistrate's decision.[2]

{¶10} Appellant now brings this timely appeal, raising one assignment of error for review.

## II. Law and Analysis

---

[2] While the instant action was pending, appellant, going by the name Amir Jamal Tauwab, commenced a separate civil action against Huntington, Safeguard Properties, Premiere Properties of Central Ohio, and individual defendants Chad Lane and Jonathan Lozier on July 29, 2010, in Case No. CV-10-732900. Appellant alleged claims of trespass and conversion against defendants. On June 7, 2011, the trial court granted summary judgment in favor of defendants. The trial court's judgment was affirmed by this court in *Tauwab v. Huntington Bank*, 8th Dist. Cuyahoga No. 96996, 2012-Ohio-923.

{¶11} In his sole assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of Huntington.

{¶12} An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and, (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Duganitz v. Ohio Adult Parole Auth.,* 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

## A. Assignment of Mortgage

{¶13} In challenging the trial court's judgment, appellant argues that MERS, in its capacity as nominee and mortgagee for Real Estate Mortgage Corporation, lacked authority to assign the mortgage to Huntington. Thus, appellant maintains that because MERS had no authority to execute the assignment, Huntington lacked standing to enforce the note and mortgage. Appellant's argument is without merit.

{¶14} Appellant cites numerous out-of-state cases in support of his argument. However, we are not bound by authorities outside of our jurisdiction. Moreover, Ohio courts have consistently held that MERS has authority to assign a mortgage when it is designated as both a nominee and mortgagee. *Bank of Am., N.A. v. Harris*, 8th Dist. Cuyahoga No. 99272, 2013-Ohio-5749, ¶ 8 ("a party who receives an assignment of mortgage from MERS as nominee has standing to foreclose on the mortgage when the

borrower defaults on the loan"); *BAC Home Loans Servicing, L.P. v. Hall*, 12th Dist. Warren No. CA2009-10-135, 2010-Ohio-3472, ¶ 5-25 (concluding that BAC was entitled to judgment as the real party in interest where MERS, as a nominee, assigned the mortgage at issue to BAC); *Countrywide Home Loans Servicing, L.P. v. Shifflet*, 3d Dist. Marion No. 9-09-31, 2010-Ohio-1266, ¶ 9-17 (concluding that Countrywide was entitled to judgment as the real party in interest where MERS, as a nominee, assigned the mortgage to Countrywide); *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. Cuyahoga No. 92487, 2009-Ohio-3886, ¶ 4-18 (concluding Deutsche was entitled to judgment as the real party in interest where MERS, as a nominee, assigned a mortgage deed to Deutsche).

**{¶15}** Applying the foregoing precedent to the case at hand, we find that MERS, as the mortgagee and nominee under the mortgage, was empowered to assign said mortgage and note and properly exercised that authority in favor of Huntington on August 26, 2009. *See Tauwab v. Huntington Bank*, 8th Dist. Cuyahoga No. 96996, 2012-Ohio-923, ¶ 8.

## B. Standing to Bring Foreclosure Action

**{¶16}** Next, appellant contends that summary judgment was inappropriate because Huntington was not the holder of the note and mortgage at the time the foreclosure complaint was filed. We disagree.

**{¶17}** In a foreclosure action, "a party may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note." *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21 (8th

Dist.), citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

{¶18} With respect to Huntington's interest in the suit and standing to invoke the jurisdiction of the trial court, this court has previously determined in appellant's appeal from his civil suit that Huntington was the proper holder of both the mortgage and note at the time the complaint for foreclosure was filed against appellant on August 31, 2009. *Tauwab* at ¶ 8. The record supports this court's prior finding.

{¶19} In regard to the note, Huntington attached the affidavit of Huntington Staff Officer Bret Pemoller, which averred that Huntington "acquired possession of and became holder of the subject promissory note, indorsed in blank prior to the filing of this Complaint, on January 31, 2008." Under R.C. 1303.25(B), "[w]hen an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1301.201 provides that "holder" means a "person in possession of a negotiable instrument that is payable * * * to bearer[.]"

{¶20} In this matter, Huntington provided a copy of the note indorsed in blank by Real Estate Mortgage Corporation as part of the summary judgment process. The note was accompanied by the affidavit of a Huntington representative attesting to the fact that the original note indorsed in blank had been in Huntington's possession since January 31, 2008. Accordingly, Huntington presented sufficient evidentiary material demonstrating that it was the holder of the note at the time it filed its foreclosure complaint.

**{¶21}** While appellant claims that Huntington's failure to attach the indorsement page of the note to its original complaint is fatal, he is incorrect. Although a plaintiff must establish that it was the holder of the note or mortgage at the time the foreclosure action was filed, it need not present its proof "on the exact date that the complaint in foreclosure is filed." *Bank of N.Y. Mellon v. Watkins*, 10th Dist. Franklin No. 11AP-539, 2012-Ohio-4410, ¶ 18, citing *Countrywide Home Loans v. Montgomery*, 6th Dist. Lucas No. L-09-1169, 2010-Ohio-693, ¶ 13. Rather, a plaintiff can offer additional proof after the filing of the foreclosure action, including with its motion for summary judgment, establishing that it became the holder of the note and mortgage prior to or at the time of the filing of the foreclosure action. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 58. Here, the last page of the note bearing the indorsement in blank was submitted by Huntington during the summary judgment process.[3] Thus, the trial court properly considered this additional evidence in concluding that Huntington was the holder of the note at the time it filed its foreclosure complaint against appellant.

**{¶22}** Further, Huntington attached the mortgage and an assignment of mortgage dated August 26, 2009. The mortgage listed appellant as borrower, MERS as a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns," and Real Estate Mortgage Corporation as the Lender. The assignment stated

---

[3] At oral argument, counsel for Huntington acknowledged that the failure to attach the indorsement page to its original complaint was an oversight.

that MERS, "acting solely as nominee for Real Estate Mortgage Corporation," transferred the mortgage to Huntington. Attached to the copy of the assignment document was a written certification by a notary public that indicated that MERS representatives executed the assignment instrument before the notary as nominee for Real Estate Mortgage Corporation. Thus, the documents attached to Huntington's complaint for foreclosure established that the bank was the holder of the mortgage at the time the complaint was filed.

{¶23} We note that Huntington's failure to record the assignment of mortgage before filing its complaint was not fatal to its foreclosure claim because all interest in the note and mortgage had been assigned to Huntington on August 26, 2009, five days prior to the filing of the complaint. *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236, ¶ 17.

### III. Conclusion

{¶24} Based on the foregoing, and consistent with this court's previous determination in *Tauwab*, we find that Huntington was the real party in interest, and therefore had standing to bring this foreclosure action. Accordingly, the trial court did not err in granting summary judgment in favor of Huntington.

{¶25} Appellant's sole assignment of error is overruled.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MELODY J. STEWART, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY