[Cite as *Bank of Am. v. Berman*, 2014-Ohio-3331.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101049**

---

## BANK OF AMERICA

PLAINTIFF-APPELLEE

vs.

## TEALLA P. BERMAN, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-781367

BEFORE:   E.A. Gallagher, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   July 31, 2014

**ATTORNEYS FOR APPELLANTS**

Brian K. Duncan
Bryan D. Thomas
Duncan Law Group, L.L.C.
600 S. High Street
Suite 100
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEES**

**For Bank of America**

Edward G. Bohnert
Reimer, Arnovitz, Chernek & Jeffrey
P.O. Box 39696
30455 Solon Road
Solon, Ohio 44139

James W. Sandy
James S. Wertheim
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard
Suite 406
Cleveland, Ohio 44122

**For Deutsche Bank Trust Co., Etc**.

Deutsche Bank Trust Co., Etc.
60 Wall Street
New York, New York 10005

**For Huntington National Bank**

Huntington National Bank
2361 Morse Road
Columbus, Ohio 43229

**For State of Ohio Department of Taxation**

Lucas Ward
Ohio Attorney General
Collection Enforcement Section
150 E. Gay Street, 21st Floor
Columbus, Ohio 43215

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendants-appellants, Tealla and David Berman, appeal the judgment of the Cuyahoga County Court of Common Pleas adopting a magistrate's decision to grant summary judgment in favor of plaintiff-appellee, Bank of America, N.A.    For the following reasons, we affirm.

**{¶2}**  In December 2003, Tealla Berman executed a note, secured by a mortgage, in the amount of $544,000.   In April 2012, Bank of America filed a complaint in foreclosure against Berman, alleging that she was the holder of the mortgage and that the conditions of the contract had been broken by default in payment.   Specifically, Bank of America alleged that Berman owed $469,861.63, plus interest at the rate of 3.25 percent per year from December 1, 2010.[1]   The Bermans answered denying the allegations of the complaint and asserting counterclaims for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), detrimental reliance, negligence and breach of contract. Bank of America moved for summary judgment and attached an affidavit as well as supporting documentation.[2]   The Bermans opposed summary judgment and argued that

---

[1] We note that despite the fact that the trial court did not enter judgment against the plaintiffs for this amount, this is a final appealable order.   This court has held that a judgment in a foreclosure is final and appealable despite the lack of specificity.   *Bank of N.Y. Mellon v. Adams*, 8th Dist. Cuyahoga No. 99399, 2013-Ohio-5572, ¶ 4.   The question of whether a judgment of foreclosure is a final appealable order is currently under review by the Ohio Supreme Court.

[2] The signature of Berman's husband, David Berman, appears on the mortgage but not the note.

Bank of America acted fraudulently and with deceit in communicating with her. They also argued that Bank of America breached the contract.

{¶3} On August 29, 2013, a foreclosure magistrate issued a decision granting summary judgment in favor of Bank of America on its complaint as well as the counterclaims. The Bermans filed objections to the magistrate's decision on September 11, 2013. The trial court overruled the objections on January 27, 2014, and adopted the magistrate's decision on February 3, 2014. The Bermans appeal, asserting the following sole assignment of error:

> The trial court abused its discretion in adopting the magistrate's decision on January 27th 2014, because genuine issues of material facts remained to be litigated; therefore, plaintiff was not entitled to summary judgment.

{¶4} An appellate court reviews a decision granting a motion for summary judgment on a de novo basis. *Huntington Natl. Bank v. Brown*, 8th Dist. Cuyahoga No. 100567, 2014-Ohio-2649, ¶ 12, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Id*.

{¶5} This court in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17, held that to prevail on a motion for summary judgment claim in a foreclosure action the plaintiffs must prove:

> (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

**{¶6}** To establish the above facts, Bank of America offered the affidavit of Jennefer Bartholomew, an assistant vice president of the bank. Civ.R. 56(E) provides in pertinent part that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

> Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.

**{¶7}** Bartholomew's affidavit and supporting documentation was sufficient to meet Bank of America's initial burden under the Civ.R. 56(C) burden. Bartholomew averred that she had personal knowledge of the bank's procedures for creating and maintaining records kept in the course of the bank's regularly conducted business made at or near the time of the occurrence by persons with personal knowledge or from information transmitted by persons with personal knowledge. Bartholomew testified that she was familiar with the types of records maintained by the bank in connection with a loan and had personally reviewed the bank's records and documents that demonstrated the assignment of the mortgage, showed the payment history on the account and included notices of default and acceleration. Bartholomew averred that the bank's records demonstrated that Berman was in default, the indebtedness had been accelerated,

Berman's application for loan modification had been denied and the balance due on the loan was $469,861.63 plus interest at 3.25 percent. Contrary to Berman's argument, Bartholomew's affidavit and supporting documentation was sufficient to meet Bank of America's burden on summary judgment in regards to the foreclosure action. *See, e.g., Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 16.

{¶8} The documents included in the affidavit were admissible under the business records exception. This court in *Deutsche Bank Natl. Trust Co.*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 30, citing *Wachovia Bank of Del., N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, stated that to be admissible a business record:

> (1) the record must be one regularly recorded in regularly conducted activity; (2) it must have been entered by a person with knowledge of the act, event or condition; (3) it must have been recorded at or near the time the transaction; and (4) a foundation must be laid by the custodian of record or some other qualified witness.

{¶9} Here, Bartholomew's affidavit satisfied all of the requirements to make the documentary evidence attached to her affidavit admissible under the business records exception.

{¶10} Despite the documentary evidence offered by Bank of America, Berman argues that genuine issues of material fact exist to preclude summary judgment. Berman argues that Bank of America violated RESPA and acted fraudulently or with deceit in regards to a loan transfer that did not come to fruition. On June 10, 2011, Bank of America sent Berman a letter notifying her that servicing of her loan was being assigned to Saxon Mortgage Services effective July 1, 2011. Berman argues that the letter did not

provide the relevant contact information for the new loan servicer required pursuant to 12 U.S.C. 2605(b). This is simply not true. The letter was introduced as documentary evidence by both parties and included all of the pertinent contact information for the new loan servicer. Furthermore, the letter was sent to the defendants 20 days before the loan was set to be transferred. On June 30, 2011, Bank of America notified Berman that the loan would not be transferred to Saxon. Nothing in the record indicates that Bank of America violated 12 U.S.C. 2605(b), or acted fraudulently in providing notice. We agree with the trial court's conclusion that summary judgment in favor of Bank of America was appropriate on the foreclosure claim.

{¶11} The Bermans next argue that genuine issues of material fact exist that precluded summary judgment on their counterclaims. We disagree.

{¶12} The first counterclaim alleges a violation of RESPA stemming from the above referenced Saxon transaction that never came to fruition. For the reasons previously addressed, we find no outstanding issues of fact on this issue or merit to the claim and, therefore, summary judgment was appropriate.

{¶13} The second counterclaim asserts that the Bermans detrimentally relied upon representations by Bank of America that it was possible to modify the note and mortgage so that they might make payments and maintain their residence and that the bank failed to conduct a loan modification review. Assuming arguendo that this was a proper cause of action, the essence of the claim is refuted by the documentary evidence cited above pertaining to Tealla Berman's denied application for a loan modification. Furthermore,

the facts stated in Berman's affidavit submitted in opposition to summary judgment do not refute the documentary evidence offered by the bank or demonstrate any reliance on a statement made by the bank. Finally, we note that the Bermans failed to oppose summary judgment on this claim before the trial court and offer no arguments pertaining to it on appeal.

{¶14} The third counterclaim asserts that Bank of America owed the Bermans a duty to ensure that records regarding the account were accurate and current and that the bank acted negligently in communicating with the Bermans regarding the aborted transfer of the loan servicing to Saxon. In stark contrast to these allegations, Bank of America submitted a detailed accounting of payments made on the account and a letter informing the Bermans that the Saxon transfer would not occur. Furthermore, as noted by Bank of America, the Bermans' negligence claims stem from alleged breaches of contractual duties rather than any independent duty. This court explained in *Corsaro v. ARC Westlake Village, Inc.*, 8th Dist. Cuyahoga No. 84858, 2005-Ohio-1982, ¶ 27:

> [I]t is well established that a breach of contract alone will not give rise to an action in tort, regardless of the tortfeasor's motive. It has long been the general rule that, when the only relation between the parties is contractual, the liability of one to the other in a tort action must arise from some positive duty which the law imposes because of the relationship, or because of the negligent manner in which some act which the contract provides for is done; and the mere omission to perform a contract obligation is never a tort unless the omission is also the omission to perform a legal duty. Thus, a negligence claim cannot be maintained unless the defendant's conduct constituted the breach of a duty imposed by law, apart from it being a breach of an obligation created by agreement of the parties, either express or implied.

{¶15} Here, the Bermans have offered no explanation of the alleged duty owed to

them by Bank of America independent of the contract and summary judgment was appropriate on their negligence claim.

{¶16} The Bermans' fourth counterclaim alleges that Bank of America breached a contractual duty owed under the note and mortgage by allowing charges, fees and interest to accrue on the account during a period in which the Bermans allegedly believed the account had been transferred to Saxon. As an initial matter, we note that the Bermans offer no argument as to how the transfer to Saxon would have paused the accrual of such charges, fees and interest on an account that the record reflects they had been in delinquency on for roughly a year at the time of the aborted transfer. Furthermore, as previously noted, Bank of America sent Berman a letter informing her the Saxon transfer would not proceed on June 30, 2011. Although Tealla Berman asserted in her affidavit that she was informed by Saxon that the mortgage was not transferred she claimed that she received only the bank's notice of transfer and not their subsequent notice that the transfer would not occur. This court has previously held that,

> [g]enerally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.

(Citations omitted.) *Davis v. Cleveland*, 8th Dist. Cuyahoga No. 83665, 2004-Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 33.

{¶17} Finally, as addressed above, there is no dispute that the Bermans had been in default on the mortgage for a significant period of time when the alleged

miscommunication regarding the Saxon transfer occurred. Individuals cannot maintain a breach of contract action when they themselves failed to substantially perform under the contract terms. *Mtge. Elec. Registration Sys. v. Mosley*, 8th Dist. Cuyahoga No. 93170, 2010-Ohio-2886, ¶ 47. Generally, a breach of contract occurs when the nonbreaching party performed its contractual obligations, the other party failed to fulfill its contractual obligations without legal excuse and the nonbreaching party suffered damages as a result of the breach. *Id.*, citing *Wauseon Plaza Ltd. Partnership v. Wauseon Hardware Co.*, 156 Ohio App.3d 575, 2004-Ohio-1661, 807 N.E.2d 953 (6th Dist.). We agree with the trial court that summary judgment was appropriate in this instance.

**{¶18}** The Bermans' assignment of error is overruled.

**{¶19}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR

Keywords:

Motion for summary judgment; foreclosure; mortgage; RESPA; negligence; breach of contract; de novo; magistrate's decision.

Trial court properly granted summary judgment in favor of bank in foreclosure where defendant failed to demonstrate a RESPA violation or any deficiency in the bank's documentation supporting summary judgment. Trial court also properly granted summary judgment on defendant's counterclaims which failed as a matter of law.