[Cite as *GMAC Mtge., L.L.C. v. Long*, 2015-Ohio-4071.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102064

---

# GMAC MORTGAGE, L.L.C.

### PLAINTIFF-APPELLEE

vs.

# DAVID L. LONG, A.K.A.
# DAVID LONG, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803368

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 1, 2015

**ATTORNEYS FOR APPELLANT**

James R. Douglass
Marc E. Dann
Grace Mary Doberdruk
Daniel M. Solar
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

**For GMAC Mortgage, L.L.C.**

Channing L. Ulrich
Carson A. Rothfuss
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201-4007

**For Ocwen Loan Servicing, L.L.C.**

Brooke Turner Bautista
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, David L. Long (a.k.a David Long) ("Long"), appeals an order granting summary judgment in favor of substitute plaintiff-appellee, Ocwen Loan Servicing, L.L.C. ("Ocwen"), on its complaint in foreclosure. Long assigns one error for our review:

> The trial court erred when it granted appellee Ocwen Loan Servicing, L.L.C.'s motion for summary judgment.

**{¶2}** We find no merit to the appeal and affirm the trial court's judgment.

## I.  Facts and Procedural History

**{¶3}** In October 2009, Long executed a promissory note payable to United Wholesale Mortgage ("United Wholesale") for the principal amount of $140,974. To secure payment of the note, Long executed a mortgage on real property located at 16616 Invermere Avenue in Cleveland, Ohio ("the property") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for United Wholesale, its successors, and assigns.

**{¶4}** Long subsequently defaulted on the note. On March 20, 2013, GMAC Mortgage L.L.C. ("GMAC"), successor by merger to GMAC Mortgage Corporation, filed a complaint in foreclosure against Long to recover the unpaid balance due on the note and to foreclose on the mortgaged property. A copy of the note attached to the complaint contained three endorsements. These endorsements indicate that United Wholesale first endorsed the note to Ally Bank (f.k.a. GMAC Bank). Ally Bank endorsed the note to GMAC, who subsequently endorsed the note in blank.

**{¶5}** After the case had been pending for five months, GMAC filed a motion to substitute Ocwen as the party plaintiff, and the court granted the motion. The assignment attached to the mortgage indicates that GMAC assigned the mortgage to Ocwen on July 31, 2013. The assignment also shows that Ocwen and GMAC share the same address.

**{¶6}** Ocwen, as substitute plaintiff, filed a motion for summary judgment, arguing it was entitled to judgment as a matter of law because (1) Long's loan was in default and had not been cured, (2) notice of default and intent to accelerate the loan balance had been provided to Long, and (3) Ocwen was the current holder of the note and mortgage by virtue of its possession of the original note endorsed in blank and an assignment of the mortgage.

**{¶7}** Ocwen supported its motion with an affidavit from Michael C. Johnston ("Johnston"). In paragraph one of the affidavit, Johnston identifies himself as the "Default Specialist of Ocwen Loan Servicing, L.L.C.," which he avers is the "successor in interest to GMAC Mortgage L.L.C."[1] Johnston further averred that, as Ocwen's default specialist, he reviewed Long's loan instruments and account data and based his statements on his own personal knowledge. For purposes of standing, Johnston stated in paragraph three:

> At the time of the filing of the Complaint, and continuously since[,] Ocwen, as successor in interest to GMAC, successor by merger to GMAC Mortgage Corporation has been in possession of the original promissory note. The Note has been duly endorsed in blank.

---

[1] Neither Johnston's affidavit nor any other evidence in the record explains when Ocwen merged with, or acquired, GMAC.

**{¶8}** Long opposed Ocwen's motion for summary judgment, arguing that GMAC lacked standing to file the foreclosure complaint against him because it was not the holder of the note at the time the complaint was filed. Long also claimed Johnston's affidavit was insufficient because it was not based on personal knowledge. Nevertheless, a magistrate in foreclosure issued a decision specifically finding that "plaintiff has standing to bring this case." The magistrate's decision granted Ocwen's motion for summary judgment on its foreclosure claim and ordered the sale of the property.

**{¶9}** Long objected to the magistrate's report, again asserting that Ocwen lacked standing to pursue its claim against him because it was not the holder of the note. The trial court overruled Long's objections and adopted the magistrate's decision. Long now appeals from that judgment.

## II. Law and Argument

**{¶10}** In his sole assignment of error, Long argues the trial court erred in granting Ocwen's motion for summary judgment because Ocwen failed to establish that the original plaintiff, GMAC, had standing to bring the foreclosure action at the time the complaint was filed. Long also contends Johnston's affidavit was insufficient to support the summary judgment.

### A. Standard of Review

**{¶11}** We review an appeal from summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of

material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E). Summary judgment is appropriate when, after construing the evidence in a light most favorable to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

## B. Standing

{¶12} Long argues Ocwen was not entitled to summary judgment because the party who filed the complaint was not the holder of the original promissory note at the time the complaint was filed and therefore lacked standing to bring this action.

{¶13} A party commencing litigation must have standing to sue in order to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 20. To have standing, a plaintiff must have a personal stake in the outcome of the controversy and have suffered some concrete injury that is capable of resolution by the court. *Tate v. Garfield Hts.*, 8th Dist. Cuyahoga No. 99099, 2013-Ohio-2204, ¶ 12; *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). Thus, lack of standing at the commencement of the lawsuit cannot be cured through an assignment prior to judgment;

"[t]he lack of standing at the commencement of a foreclosure action requires dismissal of the complaint." *Schwartzwald* at ¶ 37-40.

**{¶14}** Prior to *Schwartzwald*, this court held that in order to have standing in a foreclosure action, the plaintiff must establish that "it owned the note *and* the mortgage when the complaint was filed." (Emphasis added.) W*ells Fargo Bank, N.A. v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092, ¶ 23. In *Schwartzwald*, the court concluded that the lender did not have standing to invoke the jurisdiction of the common pleas court because "it failed to establish an interest in the note or mortgage at the time it filed suit." *Schwartzwald* at ¶ 19. This statement implies that having an interest in either the note or the mortgage at the time the complaint is filed is sufficient to establish standing. However, the court did not expressly state that a plaintiff seeking foreclosure can establish standing by proving an interest in one or the other; it simply found that the lender in that case had neither.

**{¶15}** Nonetheless, in *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392 (8th Dist.), this court interpreted the *Schwartzwald* language to mean that a plaintiff seeking foreclosure "may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note." (Emphasis sic.) *Id*. at ¶ 21. This court has followed *Patterson* in numerous subsequent cases. *See Bank of N.Y. Mellon Trust Co., N.A. v. Hentley,* 8th Dist. Cuyahoga No. 99252, 2013-Ohio-3150; *U.S. Bank Natl. Assn. v. Perry*, 8th Dist. Cuyahoga No. 99608,

2013-Ohio-3814; *GMAC Mtge., L.L.C. v. Waller,* 8th Dist. Cuyahoga No. 99457, 2013-Ohio-4376; *Huntington Natl. Bank v. Brown,* 8th Dist. Cuyahoga No. 100567, 2014-Ohio-2649; *Bank of Am. v. Lynch*, 8th Dist. Cuyahoga No. 100457, 2014-Ohio-3586; *Bank of Am., N.A. v. Adams*, 8th Dist. Cuyahoga No. 101056, 2015-Ohio-675; *Fannie Mae v. Hicks*, 8th Dist. Cuyahoga No. 102079, 2015-Ohio-1955.

**{¶16}** Johnston, Ocwen's default specialist, averred in his affidavit that Ocwen was in possession of the original promissory note at the time the complaint was filed. Long argues that because the note was endorsed in blank, Ocwen, not GMAC, was the holder of the note when the complaint was filed. However, Johnston authenticated true and accurate copies of the assignments of Long's mortgage on the property. GMAC did not assign the mortgage to Ocwen until July 31, 2013, four months after GMAC filed the complaint. Thus, GMAC had standing to file the complaint by virtue of its interest in the mortgage when the complaint was filed. *Patterson* at ¶ 21.

## C. Sufficiency of Johnston's Affidavit

**{¶17}** Long argues the trial court erred in granting summary judgment in favor of Ocwen because Ocwen failed to provide sufficient evidence of the type required by Civ.R. 56(E). Long contends Johnston's affidavit is insufficient because it fails to explain, in detail, how his job duties make him familiar with Long's note and mortgage. Long also complains the affiant failed to state that he viewed the original note and compared it to the copy attached to his affidavit.

**{¶18}** Civ.R. 56(E) sets forth the requirements for affidavits submitted in support of summary judgment, and provides, in relevant part, that "[s]upporting and opposing affidavits shall be made on personal knowledge." With respect to "personal knowledge," Civ.R. 56(E) provides:

> Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.

We have held that "[t]here is no requirement that an affiant explain the basis for his or her personal knowledge where personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit." *Nationstar Mtge., L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 26, citing *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 20.

**{¶19}** Johnston's job title, "Default Specialist," indicates that he works with accounts in default, presumably to recover unpaid balances. In paragraph two of Johnston's affidavit, he explains that through his position as a default specialist at Ocwen, he has access to Ocwen's business records, including loan instruments and loan account records. A default specialist would need to review the debtor's loan documents in order to collect the unpaid principal and interest on an account in default.

**{¶20}** Johnston also states that he has "personal knowledge of the manner in which the Records are created," and that he "relied upon the Records in executing this Affidavit." In paragraph three, Johnston avers that Ocwen has maintained possession of

the original promissory note since the complaint was filed. Further, Johnston attached "true and correct" copies of the promissory note, mortgage, and chain of assignments to his affidavit. These facts, coupled with Johnston's position as a default specialist, create a reasonable inference that he had personal knowledge of the facts contained in his affidavit. This court recently deemed sufficient similar averments in another affidavit. *See Wagener* at ¶ 27-31.

{¶21} Once Ocwen submitted evidence that it was entitled to foreclose on Long's promissory note and mortgage, the burden shifted to Long to present evidence of conflicting facts demonstrating a genuine issue of material fact as to Johnston's personal knowledge or any of the facts stated in his affidavit. Civ.R. 56(E); *Wagener* at ¶ 34. Long cites no evidence in the record to rebut Johnston's statement that he had personal knowledge of the facts described in his affidavit or any other fact stated therein.

{¶22} Long also asserts that Johnston's affidavit was deficient because he failed to properly authenticate the copy of the note attached to his affidavit because he failed to state that he personally reviewed the original note and compared it with the copy. This court has rejected this argument and declined to hold that Civ.R. 56(E) requires that affidavits based on documents must include an averment that the affiant compared the documents attached to the affidavit with originals. *Wagener* at ¶ 38, citing *Wells Fargo Bank, N.A. v. Hammond*, 8th Dist. Cuyahoga No. 100141, 2014-Ohio-5270, ¶ 37-38.

{¶23} Furthermore, Johnston's affidavit contains statements from which we can infer that he compared the documents attached to his affidavit with the original loan

documents. In one averment, he states that Ocwen has possession of the original promissory note. In another, he states that he has access to *all* of Long's loan documents, including the note, the mortgage, and assignments. Following these averments, he states that the copies of documents attached to his affidavit are "true and correct copies." Therefore, Johnston established the authenticity of the copies even though he did not expressly state that he compared them to the originals.

{¶24} The sole assignment of error is overruled.

### III. Conclusion

{¶25} The trial court properly granted summary judgment in favor of Ocwen on its complaint in foreclosure. Ocwen supported its motion with competent sworn evidence of the type required by Civ.R. 56(C) and (E), because Johnston's affidavit established he made the statements with his own personal knowledge. The fact that Johnston did not expressly state that he compared the copies of the loan documents attached to his affidavit with the original loan documents was inconsequential because he presented facts upon which such an inference could be made.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR